Holbrook *et al. v.* McCleary *et al.*

—————————◆—————————

No. 9955.

## HOLBROOK ET AL. *v.* McCLEARY ET AL.

WILL.—*Residuary Devise.*—*Lapsed Legacy or Devise.*—In this State, there is no distinction between a void or lapsed legacy or bequest of personal estate, and a void or lapsed devise of real estate. But a void or lapsed devise of real estate, like a void or lapsed legacy, goes into the residuum and passes, under the residuary clause of the will, to the surviving residuary devisees and the descendants of such of them as have died leaving descendants, to the exclusion of the testator's heirs who are not named in such residuary clause.

From the Kosciusko Circuit Court.

*W. S. Marshall,* for appellants.

*A. G. Wood* and ——— *Brubaker,* for appellees.

HOWK, J.—This was a suit by the appellants to quiet their title to certain real estate in Kosciusko county, against the unfounded claims, as alleged, of the appellees in and to said real estate. The joint demurrer of the appellees to the appellants' complaint, for the alleged insufficiency of the facts therein to constitute a cause of action, was sustained by the court, and to this ruling the appellants excepted. They failed to amend their complaint, or to plead further, and judgment was rendered against them for the appellees' costs.

Error is assigned here by the appellants which calls in question the decision of the circuit court in sustaining the de-- murrer to their complaint. The question here, as in the cir-- cuit court, depends for its proper decision upon the construc-- tion which must be given to the last will and testament of Ephraim McCleary, deceased, under or in connection with the facts alleged in the complaint. Ephraim McCleary died testate, on the 16th day of May, 1880, seized in fee simple of the real estate in controversy. His will was executed on the 5th day of April, 1875, more than five years before his death, and, as it is short, we will set it out in this connection, as: follows:

" This indenture witnesseth, that I, Ephraim McCleary, of" Wayne township, Kosciusko county, Indiana, farmer, consid-- ering the uncertainty of life, do make and publish this my last will and testament, hereby revoking and making void all former wills by me at any time heretofore made:

" *First.* I give and bequeath to my beloved wife, Rachel McCleary, during her life, the rents and profits of the south half of the south-west quarter of section fourteen, and the north half of the north-west quarter of section twenty-three, in township thirty-two north, of range six east, being the place or farm on which we now reside, said tract in all one hundred and sixty acres. Also, I give her all my household goods, of which I shall die seized, to be by her used and enjoyed during her life; also, two cows and all hogs on the premises. My other heirs are as follows: Rachel Smith, my daughter, also Mary Anderson (now dead), Joseph McCleary, my son, Margaret Fleck, my daughter, Matilda Drukamiller, my daughter, George Washington McCleary, my son, Adelia Mc- Ginley, my daughter, Ephraim Johnson McCleary, my son, and Catharine Holbrook, my daughter.

" To my son, Joseph McCleary, I give and bequeath one dollar, having heretofore deeded him forty acres of land, for which he has not receipted.

"My daughter, Mary Anderson, being dead and having

four children named respectively Mary Alice, Joseph, John Edgar, and Matilda, the children, or such of them as may be living, when this will goes into effect, will be entitled to her share.

"To my son, George Washington McCleary, I give and bequeath one dollar, having deeded him heretofore forty acres of land.

"To my son, Ephriam Johnson McCleary, I give and bequeath one dollar, having heretofore deeded him forty acres of land.

"To my sons, Washington and Johnson, I give and bequeath my reaper and mower combined, also my horse-rake, to be by them mutually used.

"The residue of my property, both real and personal, which may be left at the decease of my wife, is to be divided equally, share and share alike, among my six remaining children, Rachel Smith, Mary Anderson's children, Margaret Fleck, Matilda Drukamiller, Adelia McGinley and Catharine Holbrook."

It was alleged in the appellants' complaint, that the testator's widow, Rachel McCleary, had died on the 3d day of May, 1881, and that the testator's daughter, Rachel Smith, named in his will, had departed this life intestate, and without issue, about nine months before the testator's death. It will be seen from the testator's will, that the said Rachel Smith was one of his six daughters, to whom he devised his real estate, after the death of his wife, in six equal shares. If the said Rachel Smith had survived the testator, she would have taken an estate in fee, under his will, in the one-sixth part of his real estate. But she died without issue, before the testator, and the question for decision in this case is as to the one-sixth part of his real estate which the testator intended, by the terms of his will, that the said Rachel Smith should have as her share thereof. The appellants, who are the surviving daughters of the testator, named in the will, and the children of such as were dead, claim that the devise of the tes-

tator to his six daughters is a residuary devise, and that, by the death of Rachel Smith, without issue, before the testator's death, her intended share of the devise lapsed into the residuum, and passed to the surviving devisees, named in the devise. There can be no doubt, we think, that the personal property of the testator, mentioned in the residuary clause of his will, upon the facts of this case, passed to the five surviving daughters named in such clause. This point was expressly decided by this court in *Gray* v. *Bailey,* 42 Ind. 349. In a will of personal estate, the rule is well established that all lapsed or void legacies will pass by a general residuary bequest to the residuary legatees. *Hayden* v. *Stoughton,* 5 Pick. 528; *James* v. *James,* 4 Paige, 115; *Greene* v. *Dennis,* 6 Conn. 292; *Cambridge* v. *Rous,* 8 Ves. 12; *McLeod* v. *Drummond,* 17 Ves. 152.

It is said, however, that there exists an important distinction between a void or lapsed bequest of personal estate and a void or lapsed devise of real estate, which obtains both in England and America, in this, that the former falls into the residuum and the latter goes to the heir. 2 Redf. on Wills, p. 117. The reason generally assigned for such distinction has been the different operation of a will upon personal and real estate. It is said, that, as to personal estate, the will would operate upon all the personal estate held by the testator at the time of his death; while, as to his real estate, the testator could only devise such as he owned at the time of making his will. It is certain, we think, that the reason thus given for the supposed distinction has long since ceased to exist, if it ever existed, in this State. Here, the testator's will of personal estate must be executed with precisely the same solemnity and formality as the will devising real estate; and there is no perceptible or practical difference in the operation of a will upon personal estate and upon real estate.

Thus, in section 2 of the act of May 31st, 1852, prescribing who may make wills, etc., it is provided that every devise, in terms denoting the testator's intention to devise his entire ·

interest in all his real or personal property, shall be construed to pass all of the estate in such property, which he was entitled to devise at his death. 2 R. S. 1876, p. 571. So, also, in section 13 of the same act, it is provided that whenever any estate, real or personal, shall be devised to any descendant of the testator, and such devisee shall die during the lifetime of the testator, leaving a descendant who shall survive such testator, such devise shall not lapse, but the property so devised shall vest in the surviving descendant of the devisee, as if such devisee had survived the testator, and died intestate. 2 R. S. 1876, p. 573.

Two things are manifest, as it seems to us, from this legislation: 1. That the distinction between a void or lapsed bequest of personal estate, and a void or lapsed devise of real estate, given in Redfield on Wills, *supra,* has no place in the law of this State; and 2. That the Legislature of this State, in the section of the statute last cited, has impliedly, at least, placed lapsed devises of real estate, and lapsed bequests of personal estate, on precisely the same footing.

In these respects the legislation of the State has been similar in effect to that of Massachusetts. In *Prescott* v. *Prescott,* 7 Met. 141, it was held by the Supreme Court of Massachusetts, in view of the legislation of that State, that its effect was to remove the distinction between real and personal estates, so that lapsed devises and lapsed legacies would alike pass to the residuary legatee or devisee. So, in *Thayer* v. *Wellington,* 9 Allen, 283, the same learned court again held, that there was no distinction, in that State, between a lapsed devise of real estate and a lapsed bequest of personal estate, as to the question whether or not it passed under a general residuary clause in the will; and that a lapsed devise or a lapsed bequest would pass under a general residuary clause, to the residuary devisees or legatees, unless the will showed a clear intention, on the part of the testator, to the contrary.

The doctrine of these Massachusetts cases seems to us to be much the better rule; and, as it is in strict harmony with,

and fully warranted by the legislation of this State, we must approve and adopt it, in the case at bar. Here, the testator's devise to Rachel Smith, by reason of her death without issue or descendant, during the lifetime of the testator, lapsed into the residuum and passed, under the general residuary clause of the will, to the surviving residuary devisees and the descendants of such of them as had died leaving descendants, to the exclusion of the testator's heirs, who were not named in such residuary clause.

We are of the opinion, therefore, that the appellants' complaint stated facts sufficient to constitute a good cause of action in their behalf against the appellees, and that the circuit court erred in sustaining the demurrer to the complaint.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.