No. 9856.

MAXWELL ET AL. *v.* FEATHERSTON ET AL.

83   339
126  561
83   339
133  395,

WILL.—*Lapsed Devise.—Heir.*—There was a devise of lands " to M. and his *heirs.*"   M., who was not a descendant of the testator, died before the latter, leaving a widow and children.
*Held,* that the words "his heirs," in the devise, were words of limitation and not of purchase, and that the devise lapsed on the death of M.

From the Parke Circuit Court.

*A. F. White, J. E. McDonald, J. M. Butler, F. B. McDonald* and *G. C. Butler,* for appellants.

*T. N. Rice* and *J. T. Johnston,* for appellees.

NIBLACK, J.—Complaint by Emily M. Featherston, a sister, Martha E. Farrell, a niece, and Patrick Riley, a nephew, of Thomas Hethcoe, deceased, and together constituting his only heirs at law, against Eliza A. Maxwell, the widow, and

William H. Maxwell, Mary Puett and Jewell Dinwiddie, children of Samuel F. Maxwell, deceased, and Minor T. Davis, administrator with the will annexed of the said Thomas Hethcoe, to quiet their title to certain real estate of which the said Hethcoe died seized.

The complaint charged that, on the 25th day of April, 1872, the said Thomas Hethcoe made and published his last will, the second item of which was as follows:  "Item 2d. I give and devise to Samuel F. Maxwell and his heirs all my real estate in Reserve township, Parke county, Indiana, the same being that upon which I now live, and better known as the Wickersham farm, containing three hundred and four (304) acres, section twenty-nine (29), township sixteen (16) north, of range eight (8) west;" that, in 1877, the said Samuel F. Maxwell died, leaving the persons named above, his widow and children, as his only heirs at law surviving him; that afterwards, on the 4th day of September, 1881, the said Thomas Hethcoe also died, being still, as he was at the time of the execution of his said pretended will, the owner of the above described real estate, a more particular description of which was given in the complaint; that afterwards the said will was proven and admitted to probate in said county of Parke, and that the defendants claimed title to said real estate under said will; that the said Samuel F. Maxwell was not a descendant of the said Hethcoe, and that, by reason of the death of the said Samuel in the lifetime of the said Hethcoe, the said devise to him of said real estate had lapsed.

The defendants demurred to the complaint, but their demurrer was overruled and they declined to answer further. Final judgment was thereupon rendered *in favor of* the plaintiffs upon demurrer.

The only question discussed here is, had the devise to Samuel F. Maxwell, contained in Hethcoe's will as above set forth, lapsed at the time of the death of Hethcoe?

As far back as in the year 1792, in the case of *Doe dem. Turner* v. *Kett*, 4 T. R. 601, Lord KENYON said:  "Noth-

ing can be better established than that if there be a devise to A. and his heirs, or to the heirs of his body, or to A. in tail, and A. die in the lifetime of the devisor, the devise is void."

In 1 Jarman on Wills, 5th Am. ed., p. 617, it is said : "The liability of a testamentary gift to failure, or as it is generally termed lapse, by reason of the decease of its object in the testator's lifetime, is a necessary consequence of the ambulatory nature of wills; which, not taking effect until the death of the testator, can communicate no benefit to persons who previously die : in like manner as a deed can not operate in favor of those who are dead at the time of its execution. Though the term 'lapse' is generally applied to failure by death of the object of gift in the testator's lifetime, yet the same effect may be produced by other means, as where there was a gift of consumable articles to A for life, or so long as she should remain unmarried (equivalent to an absolute gift), it was held, that the marriage of A in the testator's lifetime caused a result similar to that of her death in his lifetime. The doctrine applies indiscriminately to gifts with and gifts without words of limitation. Thus, if a devise be made to A and his heirs, or (unless the will be regulated by the new law) to A and the heirs of his body, and A die in the lifetime of the testator, the devise absolutely lapses, and the heir, special or general (as the case may be), of A takes no interest in the property, he being included merely in the words of limitation, *i. e.* in the terms which are used to denote the quantity or duration of the estate to be taken by the devisee, through whom alone any interest can flow to such heir."

In 2 Redfield on Wills, p. 157, section 8, it is also said : "The general rule is well settled, that where the legatee dies before the testator, the legacy will lapse."

In the fourth subdivision of the same section, it is further said : "We have had occasion to state the rule upon this general question and to adduce the general range of the authorities in another place, from which it will appear that unless the testator provides that a legacy shall go to the heir,

or next of kin, or personal representative, in some such form as to clearly indicate that those terms are used to designate the persons described by them, in order to have them take directly under the will, as purchasers, the legacy will lapse, the general presumption being that these terms of succession are used to mark the extent of the interest thus intended to be conveyed to the legatee or devisee, and are therefore words of limitation merely." See also 2 Williams Executors, bottom page, 1204; *Dickinson* v. *Purvis,* 8 Sergeant & Rawle, 71; *Glendening* v. *Clymer,* 17 Ind. 155; *Gray* v. *Bailey,* 42 Ind. 349; *Holbrook* v. *McCleary,* 79 Ind. 167.

The appellants admit that the rule laid down by the authorities above cited is one of general application and must be decisive against them, unless it has been relaxed or modified by some statute of this State.

Section 13 of the act of 1852, concerning wills, 2 R. S. 1876, p. 573, R. S. 1881, sec. 2571, which was in force at the time of the death of Hethcoe, provided that "Whenever any estate, real or personal, shall be devised to any descendant of the testator, and such devisee shall die during the lifetime of the testator, leaving a descendant who shall survive such testator, such devise shall not lapse, but the property so devised shall vest in the surviving descendant of the devisee, as if such devisee had survived the testator, and died intestate." But the demurrer to the complaint admitted the truth of the averment that Maxwell, the devisee, was not a descendant of Hethcoe, the testator. That was, therefore, in effect, a concession that this section of the statute has no application to the devise under consideration.

Section 14 of the act of 1852, concerning the alienation of real property, declares that "It shall not be necessary to use the words 'heirs and assigns of the grantee' to create in the grantee an estate of inheritance; and if it be the intention of the grantor to convey any lesser estate, it shall be so expressed in the deed." 1 R. S. 1876, p. 364; R. S. 1881, sec. 2929.

Maxwell *et al. v.* Featherston *et al.*

It is insisted that this section of the statute makes fewer words of limitation necessary than was required at common law in the alienation of real property, and hence that the reference to the "heirs" of Maxwell in the will before us had greater force and significance than it would if the section in question had not been enacted, and ought to be construed as a declaration of the intention that the devise should not lapse in the event of the death of Maxwell in the lifetime of the testator.

In giving a construction to this provision of the statute, however, it must be observed that it has relation to deeds of conveyance only, and not to wills devising real estate, the construction of which rests in some respects on principles very different from those applicable to the construction of deeds of conveyance.

As to what has been, and still is, necessary to create an estate of inheritance by a devise in a will, see 3 Jarman on Wills, p. 20, chapter 33.

As to that question, we have no statute of the State fixing any definite rule, but must look to the evident intention of the testator, having due regard to all the provisions of his will rather than to some particular form of expression which he may have used in some portion of it.

After the most careful consideration of the questions discussed by counsel, our conclusion is, that the words "and heirs," immediately following the name of Maxwell in the item of the will set out in the complaint, were used as words of limitation merely, and not as words of purchase, and that, consequently, upon the facts stated in the complaint, the appellants took nothing under that item in the will.

The judgment is affirmed, with costs.