No. 7906.

CUNNINGHAM, GUARDIAN, *v.* DUNGAN ET AL., EXECUTORS.

WILL.—*Construction.—Descent.—Decedents' Estates.*—Amongst other bequests a testator gave to his granddaughter $500. She died at the age of twenty-five, and before the testator, leaving one infant child, Joseph. A codicil provided that the legacy of any one *dying in infancy* should go to his or her children, if any, and that the "legacies" should only be paid to those respectively who have arrived at full age.

*Held,* that Joseph took the share of his mother, not under the will, but by virtue of the statute (R. S. 1881, section 2571), and that payment to him could not be delayed until his majority. WOODS and ELLIOTT, JJ., dissenting.

From the Johnson Circuit Court.

*F. M. Finch* and *J. A. Finch,* for appellant.

*T. W. Woollen* and *D. D. Banta,* for appellees.

BICKNELL, C. C.—The appellant brought this suit against the appellees, as executors of Charles G. Dungan.

It was submitted to the court upon the following agreed case:

1. On March 22d, 1877, Charles Dungan died testate; his will and codicil were admitted to probate on April 19th, 1877.

2. On February 10th, 1877, Nancy J. Rouse died intestate, aged twenty-five years, leaving a child surviving her, now aged about two years, named Joseph.

3. Nancy J. Tillson, mentioned in item three of the will, was Nancy J. Rouse, who died as above stated.

4. On April 25th, 1878, Benjamin K. Cunningham was appointed guardian of said Joseph Rouse, and as such, in 1878,

before bringing this suit, he demanded the legacy bequeathed to said Nancy from said executors, which was refused. The will and codicil are made parts of this agreement.

The personal estate was sufficient to pay all legacies.

For the purpose of having a construction of said will and codicil, so as to determine when said legacy became payable to said Joseph, if he is entitled to a legacy, these facts are agreed on, but in no event are any of them to be used in fixing or ascertaining what sum shall be paid to said Joseph's guardian without a further agreement to that effect.

The following are the provisions of the will and codicil pertinent to the present controversy:

"Item 3. I give and bequeath to Eliza Ann Cunningham, Nancy J. Tillson," and others named, "all my grandchildren and children of my deceased daughter Elizabeth J. Tillson, each the sum of $500, to be paid out of the proceeds of my personal property.

"Item 5. I give and bequeath to my beloved wife Nancy Dungan, should she survive me, all my property, both real and personal, after paying the above named legacies.

"Item 6. I hereby appoint and constitute my wife Nancy Dungan and my son William H. Dungan executors of this, my last will and testament." The will was duly attested on June 18th, 1873.

The codicil, executed on March 10th, 1877, contained the following:

1st. In case any legatee named in said will shall die before majority, his or her legacy shall go to his or her brothers and sisters, or child or children, if any.

4th. Said legacies shall be paid as money can be collected by reasonable effort, the oldest first, and to those only who have arrived at the age of twenty-one years.

The appellants claim that the legacy to Nancy J. Tillson was vested in her son Joseph on her death, and is now payable; the appellees say, "While we do not gainsay the proposition that Joseph Rouse stands in the line of legatees under Charles

G. Dungan's will, we do most earnestly contend that he can not of right take the benefit until he attain his twenty-first. year."

Here was a bequest to a grandchild of the testator, and she died during the lifetime of the testator, leaving a descendant. who survived the testator.

Therefore, under section 13 of the statute of wills, 2 R. S. 1876, p. 573, the bequest, even if there had been no such codicil, would not have lapsed, but would have been vested in the surviving descendant of the legatee, as if the legatee had survived the testator and died intestate.

And if the codicil had merely provided that the legacies. should be payable to the legatees respectively, as they should come of age, it would not have affected Mrs. Rouse, because she had attained the age of twenty-five years.

The codicil contains two provisos : First. That if a legatee. shall die under age, his or her legacy shall go to his or her child, etc. Second. That "said legacies" shall be paid to those only who have arrived at the age of twenty-one years.

The first of these provisos has no effect upon Mrs. Rouse's. legacy, because she did not die under age.

In the second of said provisos, the words "said legacies" mean the legacies before mentioned, and among them there. is no legacy for Joseph Rouse; the children of those who shall die under age are made legatees by the will, but Joseph's mother did not die under age; the interest which Joseph takes is given him by the statute above cited, as the descendant of his mother, and is vested in him by said statute, as if his mother, having attained the age of twenty-one. years, had survived the testator, and had died intestate. *Thieband* v. *Sebastian*, 10 Ind. 454; *Rumsey* v. *Durham*, 5 Ind. 71; *Clendening* v. *Clymer*, 17 Ind. 155; *Gray* v. *Bailey*, 42 Ind. 349.

The appellees say : "The child's rights can be no larger than his mother's, and if she could not have taken until she at-

tained her majority, it must follow, that, she being dead, her child can not take until he reaches his majority."

But no such consequence follows; the child takes under the statute, but the mother would have taken under the will; the condition as to coming of age is not contained in the statute, and in the will is made applicable to the " said legacies " only, that is, to those created by the will without the agency of the statute.

It follows that the court below erred in holding the legacy not payable to Joseph Rouse until his majority, and in over-ruling the motion for a new trial, and for these errors the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellants, and this cause is remanded for a new trial.

ELLIOTT and WOODS, JJ., dissent.