West *et al. v.* West *et al.*

---

No. 10,746.

## WEST ET AL. *v.* WEST ET AL.

QUIETING TITLE.—*Pleading.*—*Harmless Error.*—Where the general denial is pleaded to a complaint to quiet title, special paragraphs are useless under the statute, R. S. 1881, section 1055, and there can be no harm in sustaining demurrers to them.

WILLS.—*Descendant.*—*Heir.*—*Statute Construed.*—The word "descendant," as used in section 2571, R. S. 1881, means an heir in the descending line, and can not include collateral kindred, such as a brother.

SAME.—*Lapse.*—*Devise.*—*Descent.*—A will disposed of the residue of the estate, real and personal, to the testator's brothers, J., T., F. and A. J. died before the testator, leaving a widow and child, and the testator died seized of lands, and with no wife, child or parent surviving him.

*Held,* that the devise to J. lapsed, and the lands went to the three surviving brothers, by virtue of the residuary clause of the will.

SAME.—The former distinction between lapsed bequests and lapsed devises, as to their disposition, is destroyed by sections 2567 and 2571, R. S. 1881.

From the Greene Circuit Court.

*L. Shaw* and *J. S. Bays,* for appellants.

*A. G. Cavins* and *E. H. C. Cavins,* for appellees.

VOL. 89.—34

HAMMOND, J.—Action by the appellees against the appellants, to quiet title to real estate in Greene county. The appellants, Nancy A. West and Lillie B. W. Holt, who is the wife of James Holt, filed separate answers. The second paragraph of each answer was the general denial. A demurrer was sustained to the first paragraph of each answer, and of this the appellants complain. The ruling, even if erroneous, was harmless. The general denial being pleaded, evidence of every defence, in an action like the present, was admissible under it. Sec. 1055, R. S. 1881; *Berlin* v. *Oglesbee*, 65 Ind. 308.

There was a trial by the court, and, on the proper request, a special finding of the facts was made, with conclusions of law to the effect that the appellees owned the real estate in controversy, and that the appellants had no title or interest therein. The appellants excepted to the conclusions of law, and assign the same as errors in this court. The following are the facts:

The residuary clause in the will of Edward West, which was executed September 27th, 1875, is as follows:

"Item 8. I will and bequeath all the residue of my estate, real and personal, of whatever kind or description, to my four brothers, Jeremiah West, Thomas Y. West, Freeman West and Arzy West, the same to be shared by them equally."

The testator died September 30th, 1876, seized of the real estate in controversy, leaving neither wife, child, father or mother surviving. The brother Jeremiah, named in the will as one of the residuary devisees, died intestate in January, 1876, during the lifetime of the testator, leaving surviving him his widow, Nancy A. West, and his only child, Lillie B. W. Holt, who are appellants herein. The other brothers named in the will are the appellees. All the legacies mentioned in the will and all the debts of the testator, including expenses of administering the estate, were paid out of personal assets before the commencement of this action. The question for decision is whether the appellants, the widow and daughter of Jeremiah West, deceased, or either of them, have or has any in-

terest in the real estate in controversy, either under the will
or as heirs or heir of the testator.

"The general rule is well settled, that where the legatee
dies before the testator, the legacy will lapse." 2 Redfield
Wills, p. 157, sec. 8; *Maxwell* v. *Featherston,* 83 Ind. 339.
The only exception in this State to this general rule is found
in section 13 of the act relating to wills, being section 2571,
R. S. 1881, which reads: "Whenever any estate, real or
personal, shall be devised to any descendant of the testator,
and such devisee shall die during the lifetime of the testator,
leaving a descendant who shall survive such testator, such
devise shall not lapse, but the property so devised shall vest
in the surviving descendant of the devisee, as if such devisee
had survived the testator, and died intestate." The conten-
tion as to whether the devise to Jeremiah lapsed or went to
the appellants or either of them, under the will, arises upon
the meaning of the word "descendant," in the above statute.
If, as appellants claim, Jeremiah was a *descendant* of his
brother, the testator, the devise to him did not lapse, but
went, under the will, to the daughter, if not to both widow
and daughter. We are of opinion, however, that the word
"descendant," as used in the statute above, does not apply to
a brother of a testator. It refers, we think, exclusively to a
lineal descendant, as a child or a grandchild. A descendant,
as usually understood, is an heir in the direct descending
line. The word as used in the statute to prevent, in a cer-
tain contingency, the lapse of a devise, does not apply to kin-
dred of the collateral line. In *Baker* v. *Baker,* 8 Gray, 101,
it was held that the word "descendants" in a will can not be
construed to include any but lineal heirs, unless there are clear
indications in the will of the testator's intention to extend
the meaning. Our laws of descent use the word with the
same signification. Thus, in section 2469, R. S. 1881, it is
provided that "If any intestate shall die without lawful issue
or their descendants alive, one-half the estate shall go to the
father and mother of such intestate, as joint tenants, * * * *

and the other half to the brothers and sisters and to the descendants of such as are dead, as tenants in common." It is true that section 2485 provides, that, on the death of a wife, one-third of her real estate shall *descend* to her husband ; but, in *Prather* v. *Prather,* 58 Ind. 141, it was held that the husband is not a descendant of the wife. In *Gray* v. *Bailey,* 42 Ind. 349, *Holbrook* v. *McCleary,* 79 Ind. 167, and also in *Prather* v. *Prather, supra,* in all of which section 2571 of the statute was considered, the meaning of the word " descendant," as herein held, was plainly recognized.

We must hold, with the court below, that, on the death of Jeremiah before the testator, the devise to him lapsed, and that, consequently, nothing vested in the appellants, or either of them, by virtue of the will.

The remaining question is, has either of them any title as heir of the testator ? Had Edward West died intestate the appellant Lillie B. W. Holt, as the only child of her deceased father, Jeremiah, would take the portion which her father would have taken had he survived Edward ; and if any part of Edward's estate is undisposed of by his will, she may claim her portion thereof as heir. Whether or not any part of the estate is so undisposed of, is ascertained by determining whether or not the lapsed devise, which was made to Jeremiah, vested in the residuary devisees at the death of the testator. At common law, a distinction was recognized between a lapsed bequest of personal property and a lapsed devise of real estate ; the former going to the residuary legatee, the latter to the heir. 4 Kent Com. 541 ; *Greene* v. *Dennis,* 6 Conn. 293 ; S. C., 16 Am. Dec. 58 ; *Gore* v. *Stevens,* 1 Dana (Ky.) 201 ; S. C., 25 Am. Dec. 141. The reason given for the distinction was that a bequest of personal property had reference to the state of the testator's property at the time of his death, but that a devise operated only upon land of which he was seized when he made his will. The reason for the distinction does not exist in this State. Sec. 2567, R. S. 1881, provides that " Every devise in terms denoting the testator's intention to devise his entire interest in all his real or per-

sonal property, shall be construed to pass all of the estate in such property, including estates for the life of another, which he was entitled to devise at his death." In construing this section with section 2571, this court, in *Holbrook* v. *McCleary*, *supra*, in passing upon the precise question now under consideration, says: "Two things are manifest, as it seems to us, from this legislation: 1. That the distinction between a void or lapsed bequest of personal estate, and a void or lapsed devise of real estate, * * * has no place in the law of this State; and 2. That the Legislature of this State, in the section of the statute last cited [sec. 2571], has impliedly, at least, placed lapsed devises of real estate, and lapsed bequests of personal estate, on precisely the same footing." It was held in the same case that the lapsed devise sank into the residuum, and passed under the general residuary clause of the will to the surviving residuary devisees. That well considered case is decisive of the present, and leads to the inevitable conclusion that the lapsed devise to Jeremiah West vested at the testator's death in the appellees, as the residuary devisees of the will. We find no error in the record.

Judgment affirmed, at appellants' costs.