## HEDGES ET AL. v. PAYNE ET AL.

[No. 12,567.    Filed December 9, 1926.]

1. WILLS.—*Residuary devise to brother and sister vested in the brother where the sister predeceased the testatrix.*—Under the law in this state, where a testatrix devised all her property remaining after the payment of her debts to her brother and sister, upon the death of the sister before the demise of the testatrix, the bequest to her lapsed and where she left no surviving husband, children or descendants or father or mother, the lapsed bequest vested in the surviving devisee, the brother. p. 397.

2. WILLS.—It is the policy of the law to avoid, if possible, a construction of a will that will result in partial intestacy. p. 398.

3. WILLS.—Intent of testatrix must be determined from what she said in her will and not from speculating on what she meant to say.  p. 398.

From Huntington Circuit Court; *Sumner Kenner,* Judge.

Petition by Alice J. Hedges and others for the partition of certain real estate. George Helser filed a cross-complaint alleging that he was the sole owner of the real estate involved and asked that his title be quieted. From a judgment for the cross-complainant, the petitioners appeal. *Affirmed.* By the court in banc.

*Knowlton H. Kelsey,* for appellants.

*Lesh & Krieg,* for appellees.

NICHOLS, J.—Appellants and appellee George Helser on November 26, 1924, filed their petition for partition of certain real estate in the city of Huntington, Indiana, left by one Mary Helser, deceased. On January 16, 1925, appellee George Helser filed his motion to dismiss the petition as to himself, and also filed his petition to be made a party defendant, which motions were granted. He then filed his answer claiming to be the sole owner of the real estate involved, and also filed his cross-complaint in two paragraphs, the first alleging ownership of the real estate, and asking that his title be quieted, the second alleging that under the will of Mary Helser, deceased, he became the sole owner of said real estate and asking that his title be quieted. Reply to the answer and answer in denial to the cross-complaint.

On June 25, 1925, the case was submitted to the court on an agreed statement of facts, and, at the request of appellee George Helser, the court filed special findings of fact and stated conclusions of law thereon, on which it rendered judgment in favor of appellee George Helser, on his cross-complaint, quieting title to the real estate in question. The errors assigned are the court's action in overruling appellants' motion for a new trial, and the conclusions of law. It appears by the special

finding that on November 16, 1924, Mary Helser, a resident of Huntington county, Indiana, died testate, the owner of real estate here involved. By item one of her will, dated November 16, 1911, she directed the payment of her just debts, including those of her last sickness, and funeral expenses.

Item 2, is as follows: "After Item 1, of this my will has been complied with, I give, will, bequeath and devise to my brother, and sister namely, George Helser and Emmaline McClanahan, all of the remainder of my property, both real and personal. My said brother and sister to share and share alike, provided that should my brother, George die, before my death, then and in that event, I give, will, bequeath and devise all of my property, both real and personal to my sister, Emmaline McClanahan, as her absolute property. While I have other relatives, I am making the above disposition and distribution of my property, after due consideration of all matters, and after I have fully concluded to so distribute and devise my property."

Item 3 named appellee George Helser as executor and provided that should he die before her death, or should he choose not to serve as executor, then that her sister Emmaline McClanahan should so serve.

The personal estate of the testatrix is sufficient to pay all debts and charges against her estate.

After the execution of her will and prior to her death, Emmaline McClanahan, mentioned in Item 2 of said will, died.

Mary Helser left surviving her no children, or the descendants of children and no husband, and no father or mother; and the only persons which she left surviving her, and who would inherit from her under the laws of descent, in addition to said George Helser, were Daniel Helser, a brother, George Payne, Amos Payne, Mary Howenstine, Letitia Kistner, Charles Payne,

Addie Saal, Bessie Phillips, and Bertha Walter, children of Catherine Payne, a deceased sister, Addie Flora, Della Helser and Fairy Shultz, children of John Helser, a deceased brother, Mable Hoke, only child of Ora Helser, a deceased son of said John Helser, Alice J. Hedges and Eva Badger, children of said Emmaline McClanahan.

There is a finding that the real estate involved cannot be divided without injury to the whole.

On these findings of fact, the court stated conclusions of law that: (1) Upon the death of Mary Helser, the whole of said real estate became the absolute property of George Helser; and that none of the other parties to this action have any interest therein, nor did they acquire any interest therein under the will of Mary Helser; (2) George Helser is entitled to have his title quieted in and to said real estate as against all the parties to this action.

Appellee George Helser contends with much force that it is the law that where property is willed to two or more by virtue of a residuary clause in the will,

1. and one of the residuary legatees or devisees dies before the death of the testator, that portion of the legacy or devise will lapse and go to the survivor under such residuary clause, citing with much confidence *West* v. *West* (1883), 89 Ind. 529, and *Holbrook* v. *McCleary* (1881), 79 Ind. 167, the first case cited, on the authority of the last case, holding that upon the death of a residuary devisee before the death of the testator, the devise to him lapsed, and upon the death of the testator, such lapsed devise vested in the surviving residuary devisees. These cases seem to be out of harmony with the general rule as stated in 40 Cyc 1952, where it is stated that "where the residuary gift is to several persons as to one of whom the gift lapses or is void, his share goes to the testator's heirs or next of

kin, and does not increase the shares of the other residuary beneficiaries." A long list of authorities from states other than Indiana is cited to sustain the general rule.

Appellants cite *Rocker* v. *Metzger* (1908), 171 Ind. 364, 86 N. E. 403, as a case that is out of harmony with the West and the Holbrook cases cited above, but an examination of that case discloses that while the trial court held that a lapsed interest in the proceeds of sale of real estate did not go to the remaining legatees, but to the testator's widow, who was his sole heir at law, that holding did not affect the real question in issue, and the Supreme Court, in affirming the judgment of the lower court, so stated in effect when it held that it found no error *of which appellant might complain.*

If we place a construction upon the will for which appellants contend, there will result a partial intestacy, but it is the policy of the law to avoid, if possible, a construction that will lead to such a result. *Myers* v. *Carney* (1908), 171 Ind. 379, 86 N. E. 400; *Dykeman* v. *Jenkines* (1913), 179 Ind. 549, 101 N. E. 1013; *Herron* v. *Stanton, Admr.* (1920), 79 Ind. App. 683, 147 N. E. 305.

It is true that there is a provision in the will giving the whole estate to Emmaline McClanahan in the event of the death of appellee George Helser before the death of the testatrix, which is the disposition that the law would have made of the estate had there been no such provision in the will, while there is no such provision as to appellee George Helser in the event of Mrs. McClanahan's death before the testatrix's death; but we must determine the testatrix's intention from what she has said in her will, and not from speculating upon what she has omitted to say.

We are constrained to hold, under the law as declared by the Supreme Court in *West* v. *West, supra,* and *Hol-*

*brook* v. *McCleary, supra,* that upon the death of Mrs. McClanahan before the death of the testatrix, the devise to her lapsed, and, upon the death of the testatrix, the lapsed devise vested in appellee George Helser.

Judgment affirmed.