CAREY *v.* WHITE, ADMINISTER OF ESTATE OF LECHLER, ET AL.

[No. 18,660. Filed May 6, 1955. Rehearing denied June 10, 1955. Transfer denied April 17, 1956.]

*James P. Murphy* and *John E. Williams,* of Fort Wayne, for appellant.

*David Hogg* and *Clarence R. McNabb,* of Fort Wayne, for appellees.

KENDALL, J.—The Will of Frank L. Lechler was admitted to probate in Allen County, Indiana, by the

terms of which the decedent provided for the payment of all debts and for the placing of a marker on a cemetery lot, a devise to the First Baptist Church of Fort Wayne, Indiana, for One Thousand ($1,000.00) Dollars; to Ethel Carey, his niece by marriage, and her son, One Hundred ($100.00) Dollars, each; the balance of the estate was to be divided into three equal parts and distributed as follows:

⅓ to Frank A. Hunter, decedent's brother-in-law;
⅓ to Maude S. Hunter, decedent's sister-in-law;
⅓ to Mrs. Jane Russell Hunter, decedent's niece.

Mrs. Maude S. Hunter, named as a residuary legatee in the Will, predeceased the testator, Frank L. Lechler. This action was filed in the lower court by William H. White, Administrator with the Will Annexed, to construe the Residuary Clause and for direction as to the disposition of the one-third interest devised to Mrs. Maude S. Hunter. Issues were formed by answer filed by Frank A. and Jane Russell Hunter. Ethel Carey did not, file answer.

Cause was submitted to the court who found that the share bequeathed to Maude S. Hunter in the Residuary Clause passed to the surviving residuary legatees and that the residuum of the estate be equally divided between the two named surviving legatees, namely: Frank A. Hunter and Jane Russell Hunter. The court further found that Maude S. Hunter and the surviving residuary legatees were not descendants or children of the descendants of the testator. Judgment was rendered on the findings.

The decedent left surviving no widow, parents or descendants of said testator, brothers or sisters and no descendants of any brothers or sisters, except Ethel

Carey who is the daughter of a predeceased brother of testator.

Appellant's motion for new trial alleges that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The assignment of error is the overruling of appellant's motion for new trial.

Appellant argues that the judgment is contrary to law in that the testator died intestate as to such one-third share and that it passed to the descendants' heirs-at-law, this appellant, by virtue of the law of descent.

The question therefore posed for determination is who takes the one-third devise originally intended for Mrs. Maude S. Hunter:

Appellant contends that this question is of first impression in this state; and that we should be guided by the reasoning of other jurisdictions; that the majority rule is that where a residuary legatee dies before the testator, the legacy lapses, and passes as intestate property. Many citations are given of other jurisdictions which have been referred to as constituting the majority rule substantiating appellant's contention. In view of the decisions of this and the Supreme Court, we do not agree that the question presented is of first impression in this state. If it were, we might be guided by the reasoning of other jurisdictions in arriving at our conclusions. It is apparent from examination of the authorities of this state that Indiana has not adopted what has been referred to as the majority rule which is followed in many states on a similar question. Our courts have continually held that in cases where a residuary legacy or devise lapses because of the death of the residuary legatee, or devisee, prior to that of the testator, such lapsed bequest or devise goes to the remaining residuary legatees, or

devisees, and is not distributed to the heirs-at-law of the testator as intestate property. Appellees contend that the decisions of this state on this question are so uniform that the doctrine of *stare decisis* now prevails.

In the case of *Hedges* v. *Payne* (1926), 85 Ind. App. 394, 154 N. E. 293, the majority rule referred to by appellant was rejected and this court held that upon the death of a residuary legatee before the death of the testator, her devise lapsed, and, upon such death, the lapsed devise vested in the remaining residuary legatees. It was recognized in the Hedges case, *supra*, that the holdings of this state were contrary to what had been termed the majority rule. Appellant cites the following authorities as substantiating their contention: 40 Cyc. 1952; see also 57 Am. Jur., §1453, p. 977; Thompson's "Wills" (1916), §308, p. 276.

In the case of *Holbrook, et al.* v. *McCleary, et al.* (1881), 79 Ind. 167, the court had under consideration the Will of Ephraim McCleary which contained the following residuary clause:

> "The residue of my property, both real and personal, which may be left at the decease of my wife, is to be divided equally, share and share alike, among my six children, Rachel Smith, Mary Anderson's children, Margaret Fleck, Matilda Drukamiller, Adelia McGinley and Catharine Holbrook."

One of the residuary legatees, Rachel Smith, died intestate without issue prior to the testator's death and the question arose, "who was to receive the 1/6 part of the residue which the testator intended Rachel Smith to have?" In deciding the question presented, the court said:

> "There can be no doubt, we think, that the personal property of the testator, mentioned in the

residuary clause of his will, upon the facts of this case, passed to the five surviving daughters named in such clause. This point was expressly decided by this court in *Gray v. Bailey*, 42 Ind. 349."

There is a similarity between the Holbrook case, *supra,* and the one now under consideration as to the intention of the testator. In this case, the residuary legatees were to share equally, in that the residue was to be divided into three equal parts and distributed equally to the three different designated legatees, while in the Holbrook case, *supra,* the residue was to be divided equally, share and share alike, among six designated legatees. See also *Gray et. al.* v. *Bailey et al.* (1873), 42 Ind. 349. The cases of *Gray* v. *Bailey, supra,* and *Holbrook* v. *McCleary, supra,* were reaffirmed in the case of *West et al.* v. *West et al.* (1883), 89 Ind. 529. The residuary clause under consideration in that case was as follows:

"I will and bequeath all the residue of my estate, real and personal, of whatever kind or description, to my four brothers, Jeremiah West, Thomas Y. West, Freeman West, and Arzy West, the same to be shared by them equally."

The facts show that Jeremiah West, residuary legatee, died intestate during the lifetime of the testator, leaving surviving him his widow and one child. The question for decision was whether the appellants, as widow and daughter of Jeremiah West, deceased, or either of them, had any interest in the residue of the estate either under the residuary clause or as heirs of the testator. The court held that upon the death of Jeremiah West, one of the residuary legatees, before the testator, that the devise to Jeremiah West lapsed and therefore nothing vested in his widow or daughter. In determining the question as to whether either of them had an interest

in the residue of the estate as an heir of the testator, the Supreme Court invoked the law announced in the Holbrook case, *supra,* and said:

"It was held in the same case that the lapsed devise sank into the residuum and passed under the general residuary clause of the will to the surviving residuary devisees. That well considered case is decisive of the present, and leads to the inevitable conclusion that the lapsed devise to Jeremiah West vested at the testator's death in the appellees, as the residuary devisees of the will."

Under the facts of this case and the authorities cited, it cannot be said that it was not the intent of the testator to dispose of his entire estate, for after providing for the payment of debts, the erection of a marker in the cemetery, specific legacies to his church, to the appellant, his only heir and to her son, he specifically directed, "the balance of the estate to be divided into equal parts and distributed as follows . . ."

This residuary clause does violence to any thought of partial intestacy. The words, "balance of the estate", embraces all that remains and reflects the intention of the testator to dispose of his entire estate. We are committed to the general rule that the actual purpose and intention of the testator insofar as it can be ascertained must be given effect.

If we were to follow the contention of the appellant and adopt her construction, there would result a partial intestacy. It is the policy of the law to avoid a construction of intestacy if possible. *Hedges* v. *Payne, supra; Myers* v. *Carney* (1908), 171 Ind. 379, 84 N. E. 400; *Gray* v. *Bailey, supra.*

In keeping with the rule announced in the cited cases, we hold that upon the death of Mrs. Maude S. Hunter

before the death of the testator, Frank L. Lech-
ler, the devise to her lapsed, and that upon the
death of said testator, Frank L. Lechler, the
lapsed devise vested in appellees, one-half to Frank A.
Hunter and one-half to Mrs. Jane Russell Hunter.

Judgment affirmed.

NOTE.—Reported in 126 N. E. 2d 255.