## RUSING *v.* RUSING and Others.

WILL—INTEREST OF WIFE.—A by his will devised his real estate to his wife during life, and after her death to his "heirs." At his death, A left no child, nor the descendant of any, and no father, mother, brother or sister surviving him. The widow elected to take under the law, and not under the will.

*Held,* that in the absence of a will the statute would have cast the whole estate upon the widow.

*Held,* also, that the words, "my heirs," as used in the will, must be construed to mean the next of kin, and not the widow, who under the law would have been the sole heir.

*Held,* also, that when the widow elected to take under the law, she became entitled to one-third of the real estate in fee, and the remaining two-thirds would, at her death, pass by the will to the next of kin.

*Held,* also, that as no operative disposition was made by the will of the two-thirds of the lands during the life of the widow, that interest descended to her as the heir at law.

APPEAL from the *Franklin* Circuit Court.

FRAZER, C. J.—The only question argued in this case, is whether the court below erred in overruling a demurrer to the complaint.

The complaint shows that the plaintiff was the widow of *William Rusing,* who died testate, in *Franklin* county, in 1864, leaving no child, nor the descendant of any child, and no father, mother, brother or sister surviving him. That the defendants are his executor and his next of kin, being the descendants of his brothers and sisters. That he died seized and possessed of real and personal estate not exceeding $3,000. That by his last will he bequeathed $400 in cash to one *Eliza A. Latimore,* and to the plaintiff the balance of his personal estate, and his real estate during her natural life. The will contained, also, the following clause: "That after the decease of my wife, my real and personal estate descend equally to my heirs, after paying her funeral charges, and all just debts; or, all the real or personal estate she may have in her hands at her death, after paying all just debts and funeral expenses as aforesaid." It was also

alleged that the personal estate was more than sufficient to pay the debts of the testator, and the specific bequest of $400. That the widow, (plaintiff,) had duly elected to take under the law, and not under the will; that the executor excluded her from the undivided two-thirds of the real estate, and the profits thereof, and that the other defendants claimed, as the heirs of the testator, two-thirds of the land. The object of the suit was to declare her title in fee to the whole real estate, and to quiet the same by injunction, preventing the defendants from claiming any right or interest in the land.

The defendants stood by their demurrer, and refused to answer, and thereupon a decree was rendered in accordance with the prayer of the complaint, and that the plaintiff have possession of the land.

The statute, under the circumstances alleged in the complaint, would, in the absence of the will, have cast the whole estate upon the widow, as the sole heir of her deceased husband. 1 G. & H. § 26, p. 296.

But there was a will. The instrument evinces that the draughtsman was very destitute of legal knowledge, and hence has arisen this law suit, a result not uncommonly following the preparation of legal documents by persons not possessed of the information which is necessary for that purpose. This circumstance must have its influence, however, in the endeavor to collect the intention of the testator from the terms of the instrument.

What is meant by the words "my heirs," in the clause of the will above quoted? It does not mean the widow, who under our law would be the sole heir. This is plain. By the word "heirs" more than one person must have been meant, and besides, it would make nonsense of the will to hold that the widow was meant, for then the effect would be to give her the estate for life, and, upon her death, the remainder in fee. The nearest of kin must have been meant.

It follows, therefore, that when she elected to take as widow, under the law, thereby obtaining one-third of the land in fee, that the effect of the devise would be to give the remaining two-thirds, after her death, to the defendants, the next of kin, and that no disposition which could operate was made of that two-thirds during her life, as there was no residuary devisee; and hence, that interest descended to the widow as heir at law. *Armstrong* v. *Berreman*, 13 Ind. 422. The conclusion is inevitable, that during her life the plaintiff will be entitled to the possession of the entire real estate; and as it is alleged that the executor excluded her from two-thirds thereof, a sufficient cause of action was shown against him, and the demurrer, being a joint one by all the defendants, was therefore correctly overruled.

It may be questionable whether any right of action was shown by the complaint against the other defendants; but we must not decide that question. In the demurrer they chose to join their fortunes with the executor, and they must abide the consequences.

There was, however, great injustice done to the defendants, the next of kin, by the decree of the court confirming to the widow an absolute title in fee simple to the whole of the real estate, and perpetually enjoining them from making any claim whatever thereto. But it seems to us to be almost out of our power to protect them in the present case, without revolutionizing the practice of this court, as it has been wisely settled for years, and this we would be unwilling to do. The case is so presented here that we can with difficulty escape giving these appellants the whole of the estate in two-thirds of the land, or nothing. This is the claim made by the argument; and the assignment of errors, that the court below erred in overruling the demurrer, and in rendering judgment for the plaintiff, falls short of that specific character which has been usually required. There are a few cases, however, in which this court has relaxed the strictness which it has commonly held necessary, rather than render a judgment here which must do manifest wrong.

This seems necessary in the present case, to reach the ends of justice. The substantial rights of these defendants may be lost, if we do not do so; but, in resolving upon it in the present case, it must not be understood that we will feel thereby bound to do so in other cases, not exactly similar.

There was error in rendering judgment for the plaintiff, in that too much was given to her. She ought to have been made secure in her right to the possession of the two-thirds during life; her title in fee to one-third was conceded. At her death, as we have seen, that two-thirds goes to the next of kin, by virtue of the will.

The proceedings subsequent to overruling the demurrer must be set aside, and a judgment rendered in accordance with this opinion.

Judgment accordingly, and against the appellant for costs here.

*H. C. Hanna*, for appellant.

*G. Holland* and *C. C. Binkley*, for appellees.