### COOL ET AL. *v.* COOL.

PRACTICE.—*Motion for New Trial.—Causes.*—The ruling of a court upon a demurrer to a pleading is not a ground for a motion for a new trial.

SAME.—*Supreme Court.—Harmless Error.*—Error of the court below in sus-

taining a demurrer to a paragraph of a pleading, is not available as error on appeal to the supreme court, where the matters therein alleged could have been given in evidence under a remaining paragraph of such pleading.

SAME.—As to such paragraph in such pleading, the better practice in the court below is, by a motion to strike it out, rather than by a demurrer thereto.

SAME.—*Supreme Court.—Finding.—Partition.—Partial Intestacy.—Devise during Life.*—Where an intestate, leaving no father or mother or child, devises to his widow the whole of his real estate, so long as she shall remain his widow, and, after her death, to another, but fails to devise the same to any one in case she should remarry, during the time elapsing between her remarriage and her death, and such widow elects to take under the law and not under such will, and, in an action by her against such other devisee for partition of such real estate, the court decrees to her the one-third thereof in fee and the remaining two-thirds during her life, on appeal to the supreme court from such decree by such other devisee, assigning as error the overruling of a motion for a new trial, it was held, the evidence not being in the record, that, evidence to sustain such finding and decree being admissible under the complaint in such cause, it will be presumed, the contrary not being shown, that such evidence was given.

From the DeKalb Circuit Court.

*R. W. McBride* and *J. L. Morlan,* for appellants.

*C. A. O. McClellan,* for appellee.

PERKINS, J.—Elizabeth Cool, the appellee, brought suit against the appellants, devisees under the will of Christopher Cool, deceased, for partition of the real estate described in the complaint. She alleged in her complaint that on the fifteenth day of February, 1874, Christopher Cool, being then the owner of said real estate, devised the same, by his last will, (a copy of which is made an exhibit,) to the plaintiff, Elizabeth, now his widow, during her natural life, and at her death to the children of his brothers, John and Thomas Cool, and of his sister, Catherine Thrall, share and share alike. Plaintiff further avers that said Christopher Cool left the plaintiff, his widow, but no child, surviving him. Plaintiff avers that, at the proper time, she elected to take under the law and not under the will. She asks that one-third of said real

estate be set apart to her in fee and the other two-thirds for life, and to the devisees made defendants to her complaint, the other two-thirds, in fee, after her death.

In a second paragraph the plaintiff states that she and the defendants are tenants in common of the real estate described in the first paragraph, that she has an estate in fee in one undivided third, and a life-estate in the other two-thirds; that the defendants have an estate in fee in the other two-thirds, subject to her life-estate in the same, but their particular several shares are unknown to her, and she prays partition according to the rights of the parties, and if said partition can not be made, then a sale, etc.

The will is somewhat lengthy, and we set out, therefore, only the parts of it by which, counsel on both sides admit, the rights of the parties are to be determined in the real estate described in the complaint, and must control the decision of this cause, in connection with the extrinsic facts in the case.

The first clause of the will is as follows:

"*Item the First.* I give, bequeath and devise unto my beloved wife, Elizabeth Cool, all my property, both real and personal, including all moneys, rights, credits and effects, to her as long as she remains my widow."

The third clause is as follows:

"*Item the Third.* I direct that after the death of my said wife, Elizabeth Cool, that my property shall be divided among the children of my brothers, John Cool, Thomas Cool, and the children of my sister, Catherine Thrall, deceased, who are to take share and share alike, except as to the share of the daughter of my sister, Catherine Thrall, deceased, Mary Hodson, who shall take as provided in item second of this instrument."

The exception referred to has no bearing on the rights of the parties to this suit.

The will contained no residuary clause.

The defendants answered in general denial, and in a second paragraph, in which they admitted the allegations

of the complaint, and that the rights of all the parties arose under the will and the facts alleged in the complaint, but they claimed that the plaintiff would, under these, be entitled by law to one-third in fee, and no life-estate in the other two-thirds, and that the defendants would take the other two-thirds in fee, unincumbered by a life-estate in the plaintiff, and by way of cross-complaint asked partition accordingly.

The court sustained a demurrer to the second paragraph of the answer, and the defendants excepted. The cause went to trial upon the general denial, and the court found that said plaintiff and defendants are the owners in common of the premises described in the complaint; that the plaintiff is the owner in fee of the undivided one-third part of said premises, and is entitled to a life-estate in the residue thereof, and that partition ought to be made as prayed for in the complaint; and the court ordered and decreed accordingly. Commissioners were appointed to make the partition. Partition was made according to the finding of the court as to the rights of the parties. A motion for a new trial was made, on the alleged ground that the decision of the court, in decreeing partition, was contrary to law, and that the court erred in sustaining the demurrer to the second paragraph of answer. The motion was overruled, and the partition made was confirmed. .

The action of the court upon the demurrer was not a ground for a new trial.

The evidence is not in the record.

The errors assigned in this court are:

1. The court below erred in sustaining the demurrer to the second paragraph of answer.

2. The decision of the court in decreeing partition was contrary to law.

3. The court erred in overruling the motion for a new trial.

It would have been the better practice to move to strike out the second paragraph; but no harm was done to the

defendant in sustaining the demurrer to it, and the ruling, therefore, will not be held an available error in this court. The answer amounted to no more, at any rate, than the general denial; the defendants could have given no evidence under it that could not have been given under the general denial, which was formally pleaded, and could have obtained no decree or clause of a decree that they could not have obtained under the general denial.

The second assignment of error is one of the grounds alleged below, in the motion for a new trial. It was a proper cause to allege for a new trial. It was, substantially, the sixth ground specified in the statute. 2 R. S. 1876, p. 181. Whether the decision of the court in decreeing partition was contrary to law might have depended upon the evidence. That was before the court and that tribunal could reconsider it on the motion; but it is not before this court; and were it, this assignment of error would still be but a species of tautology, as it is embraced by the next assignment, viz., that the court erred in overruling the motion for a new trial. But as neither the evidence in the cause, nor any interlocutory ruling during its progress, which might have been cause for a new trial, is in the record, we can not reverse the case on this assignment of error.

The evidence might have disclosed a state of facts that would have justified the decree for partition as it was made.

Section twenty-six of our statute of descents, 1 R. S. 1876, p. 413, enacts that:

"If a husband or wife die, intestate, leaving no child, and no father or mother, the whole of his or her property, real and personal, shall go to the survivor."

And if he or she die intestate, as to a part of the property, this statute applies, and governs the disposition to be made of such part. *Armstrong* v. *Berreman*, 13 Ind. 422. Counsel for appellants do not claim, but tacitly admit, that the testator left no father or mother. Was there

any property undisposed of by the will in this case? In the case of *Augustus* v. *Seabolt,* 3 Met. (Ky.) 155, where the testator devised to his wife a piece of real estate during her natural life, should she remain his widow, and after her death to the children of his brother, and the widow did marry, it was held that the estate did not vest in the children of the brother till her death, that being the event on the happening of which they were to take, and the estate in the land, between the marriage of the widow and her death, there being no residuary clause disposing of it, was undisposed of by the will and went to the heirs. And in *Rusing* v. *Rusing,* 25 Ind. 63, a case we approve, where Rusing by his will devised his real estate to his wife during life, and after her death to his next of kin, it was held that the next of kin could not take till after the death of the widow, and that, she having elected not to take under the will, and it containing no residuary clause, it left the life-estate in two-thirds of the real estate practically undisposed of by the will, and that it would go to the widow, there being no child or father or mother. As to the two-thirds, Rusing would be regarded as dying intestate. The present case is stronger. The will gave the property to the widow during widowhood, and to the children of the brother after her death, leaving the contingent estate during the time that might intervene between the termination of her widowhood and her death, undisposed of by the very terms of the will, and by her election not to take under the will, the estate from the time of her election to her death was undisposed of. According to these authorities, there was, under the allegations in the complaint, an estate for life in the two-thirds of the real estate described, undisposed of, which, if there were no children nor father nor mother, would go to the widow under the section of the statute of descents above quoted. We think, under the complaint in the case, all the evidence necessary to establish her right to the estate might have been given, and we must presume in favor of

the action of the court that it was given, the contrary not being shown.

The judgment is affirmed, with costs.