Wilson *v.* Moore *et al.*

---

No. 9903.

## WILSON *v.* MOORE ET AL.

WILL.—*Legacy.*— *Devisees.*— *Real Estate.*— *Lien.*— *Possession.*—Devisees of land are not liable to an action for a legacy charged thereon until they have taken possession. Until then it is not due.

SAME.—*Election.*— *Widow.*—Where it does not clearly appear from a will that the provision made for the widow was intended to be additional to her interest in her husband's lands, she must elect whether she will take under the will. Such election is a privilege to be exercised by the widow alone. Lapse of time will not affect her right to take under the law.

SAME.—*Pleading.*—An allegation that a widow has not elected to take under the will is not equivalent to an allegation that she has elected not to take under the will, and has taken under the law.

From the Sullivan Circuit Court.

*S. Coulson,* for appellant.

*J. T. Gunn, G. W. Buff* and *J. B. Patten,* for appellees.

FRANKLIN, C.—Appellant, as assignee of a legatee, brought suit against appellees, as devisees, to recover a judgment for the legacy, and to have it declared a lien upon the real estate devised; and the principal question presented is as to whether the legacy was due at the time of the commencement of the suit. The complaint is in one paragraph, to which a demurrer was sustained, and upon which ruling error has been assigned. The complaint avers that the widow had not elected to take under the will, and that the devisees were in possession of the real estate, claiming to be the owners thereof; that the testator died on the 13th day of March, 1878. This suit was commenced on the 7th day of April, 1881, and the ruling upon the demurrer was made April 21st, 1881. The heirs and widow are all made parties defendants to the suit.

The will, in some respects, is rather peculiar. After the introductory part, it reads as follows: " My will is, that all my just debts and funeral expenses shall, by my executors hereinafter named, be paid out of my estate as soon after my decease as shall by them be found convenient. I give, devise and bequeath to my beloved wife, Letha Burton, during her natural life, all my household and kitchen furniture, together with all my other personal property, and all my real estate of which I die seized, except an acre of land, with house and stable, where my beloved son Porter Burton lives. This land and its appurtenances I want my son Porter Burton to have as long as he is willing to live on it; but if he moves off of said land, then said land and its appurtenances fall back and are part and parcel of the old farm again.

"And I further will, that after my beloved wife Letha Bur-

ton's death all my real estate, except as heretofore provided, is to be equally divided among my children hereinafter named: Jane Moore, Lucy Burton and Jesse F. Burton; and I further will that said Jane Moore, Lucy Burton and Jesse F. Burton shall pay to Mille Ann Pugh, Martha Vanhorn, Porter Burton and Fidelia Armstrong $100 each.

"And I further will that my son Jesse F. Burton, and son-in-law James M. Moore, shall rent my farm and have control of said farm from year to year; and for the use of said farm and its appurtenances they shall support me and my wife as long as we live, and they shall also pay us one-third rent of all grains that are raised upon said farm, and all rents are to be put in cribs or granary." Then this son and son-in-law are appointed executors.

This last provision of the will is anomalous, in that it requires this provision to take effect and be enforced in the lifetime of the testator, and continued to be enforced as long as he or his wife shall live.

But we think the intention of the will is obvious; that the testator intended to provide for a comfortable support from the farm for him and his wife so long as they should live, and, if he should die first, the same should enure to the benefit of his wife so long as she should live; that the said Moore and his son Jesse F., who were appointed his executors, should have charge of the farm and carry out the trust; that at the death of both of them the farm should go to said Jane, Lucy and Jesse F., and that they should pay to his other children $100 each. The payment of the legacies is connected with the division of the farm equally between the devisees, and that is not to take place until the widow's death, when the same shall be freed from the encumbrance of her life interest, to have the rents and profits paid to her. We think this tends strongly to show that the testator intended the legacies to be due when the remainder estate was relieved of the encumbrance. If this be correct, what effect does the allegation in the complaint have, that the widow has not elected

to take under the will, although more than one year had elapsed since the death of the testator?

Section 41 of the law of descent, 1 R. S. 1876, which is the 2505th section of the R. S. 1881, reads as follows: "If lands be devised to a woman, or a pecuniary or other provision be made for her by the will of her late husband, in lieu of her right to lands of her husband, she shall make her election whether she will take the lands so devised, or the provision so made; or whether she will retain the right to one-third of the land of her late husband; but she shall not be entitled to both, unless it plainly appears by the will to have been the intention of the testator that she should have such lands, or pecuniary or other provision thus devised or bequeathed, in addition to her rights in the lands of her husband."

This election by the widow is a personal privilege that she alone can exercise; it can not be done by her guardian or her heirs. *Heavenridge* v. *Nelson,* 56 Ind. 90; *Eltzroth* v. *Binford,* 71 Ind. 455.

Where the will makes provision for the widow in lands or money, or any thing else, and it is not expressed to be in lieu of her right in the lands of her husband, and it does not clearly appear by the will to have been the intention of the testator that she should have both, she must in such case elect whether she will take under the will. *Young* v. *Pickens,* 49 Ind. 23.

In the case of *Smith* v. *Baldwin,* 2 Ind. 404, it was held that the widow should elect, and, where the will is not explicit as to whether such provision is intended to be in lieu of the provisions of the law, it will be presumed to be so intended, and the widow can not assert her rights under the law without electing as to the provisions under the will.

In the case of *Piercy* v. *Piercy,* 19 Ind. 467, it was held that, in the absence of any statute fixing the time within which she shall make her election, the widow may make the same at any time, and lapse of time will not affect her right to take under the law.

In the case of *Leach* v. *Prebster*, 39 Ind. 492, it was said: "There is no time fixed by our statute within which a widow is required to elect whether she will take under the statute or the will. In the absence of an election to take under the will, the widow will be entitled to take under the statute."

In the case of *Wetherill* v. *Harris*, 67 Ind. 452–473, it was held that "if the husband shall have left a will, the wife may elect to take under the will or by the law; but, as this case is silent as to the widow's election, it must be presumed that she holds by law, and not under the will."

In the case at bar, it is not alleged that the widow holds under either the will or the statute, but that "said defendants now claim said land in fee, under said will, and are in possession thereof."

The allegation, that the "widow has not elected to take under the provisions thereof," is not equivalent to saying that she has elected not to take under the will, and has taken under the statute. So far as the allegations of the complaint inform us, there has no election yet been made by the widow, and as it is a personal privilege that she alone can exercise, and no limit is placed upon the time in which she may exercise it, she yet has the option to make such election, and we can not regard her non-action as affecting the time when the legacies should be due and payable.

If the widow takes under the law one-third in fee, and relinquishes all claim under the will, then from that time until her death, the rents and profits of the other two-thirds are undisposed of by the will, because the devisees of the remainder estate can not take freed from the encumbrance until the death of the widow, and then only the two-thirds of the real estate devised, the other third having been changed into a fee in the widow, and will be inherited from her if not previously willed or otherwise disposed of by her. In either event we do not see how the widow's election can affect the time for the legacies falling due.

The rents and profits of the two-thirds between the time

that the widow takes under the law and her death, not having been disposed of by the will, would be inherited by the heirs of the testator. *Armstrong* v. *Berreman*, 13 Ind. 422 ; *Rusing* v. *Rusing*, 25 Ind. 63 ; *Lindsay* v. *Lindsay*, 47 Ind. 283 ; *Dale* v. *Bartley*, 58 Ind. 101. The case of *Lindsay* v. *Lindsay, supra,* is somewhat similar to the case under consideration, and it was held in that case that a devisee who had accepted real estate devised to him was personally liable for the payment of the legacies exclusively charged thereon. See authorities cited in support thereof, and the case of *Burch* v. *Burch,* 52 Ind. 136. In the case at bar the devisees could not accept and take possession of the estate willed to them until the death of the widow, and could not, before acceptance, be liable to pay the legacies charged thereon. If they held possession during the lifetime of the widow, in case of her non-election, it could only be as her tenants; in case of her taking under the law, it could only be as tenants in common with appellant's assignor and the other heirs. *Lindsay* v. *Lindsay, supra.* And, in no view that we can take of the case, does it appear that it was the intention of the testator that the legacies should be due until the devisees took possession of the remainder estate under the will; and, according to the terms of the will, that could not be done, and the land willed could not be divided, until the death of the widow, and the legacies could not become due until an acceptance of the provisions of the will by the devisees after the death of the widow. We think the legacy claimed by appellant as assignee of Mille Ann Pugh was not due at the date of the commencement of this suit.

The court below did not err in sustaining the demurrer to the complaint. The judgment below ought to be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.