## Garrison *v.* Day et al.

[No. 5,412. Filed November 28, 1905.]

1. Wills.—*Construction.*—*Intention.*—The principal object in the construction of a will is to ascertain the intention of the testator. p. 548.

2. Same.—*Residuary Clause.*—*Whether Covers All Property.*— Where a testator, after making four items of his will relating to the payment of debts and to certain advancements, legacies and devises, provides in the fifth and last item for the disposi-

tion of "all my property and estate, not hereinbefore disposed of by this will," such provision covers all property not theretofore disposed of.  p. 548.

3. DESCENT AND DISTRIBUTION. — *Husband's Real Estate.* — *Widow's Rights.*—*Statutes.*—A widow who was a second or subsequent childless wife took a life estate in the whole of her deceased husband's real estate under the act of 1899 (Acts 1899, p. 131, §2).  p. 548.

4. WILLS.—*Rights of Widow under the Statute.*—*Presumption.*— It will be presumed that a testator, devising a portion of his real estate to his widow, did so with knowledge of her legal right to reject such devise and take under the law.  p. 548.

5. SAME.—*When Effective.*—A will takes effect at the death of the testator.  p. 548.

6. SAME.—*Rejection by Widow.*—*Effect on Other Devisees.*—The rejection by the widow of the provisions of a will as to her and her taking under the law have no effect upon the express provisions of the will in reference to the other devisees.  p. 549.

7. SAME.—*Residuary Clause.*—*Effect.*—In the absence of a residuary clause or other disposition a lapsed, void or refused legacy descends to the testator's heirs, but a general residuary clause carries all of such devises and legacies.  p. 549.

8. SAME. — *Residuary Clause.* — *Widow's Devise.* — A widow's rejected devise passes under a general residuary clause in testator's will.  p. 549.

9. SAME.—*Residuary Clause.*—*Intention.*—*Codicil.*—Where the rejected devise of testator's widow passes under the general residuary clause of testator's will giving appellant a life estate in a certain share of such residue, and in a codicil executed twenty-one months after the execution of such will testator expressly confirmed the provisions of such will, a life estate only in her devised part was given such appellant as her portion of such rejected devise.  p. 550.

10. SAME.—*Widow's Rejected Devise.*—*Descent.*—Where testator devises to his widow, who was a childless third wife, one-third of his real estate in fee simple, but she rejects same, and takes only a life estate, the fee to such rejected devise passes under the general residuary clause in such will to the devisees therein.  p. 550.

From Floyd Circuit Court; *W. C. Utz,* Judge.

Suit by Elizabeth R. Garrison and others against Theodore S. Day and others.  From the decree rendered, Elizabeth R. Garrison appeals.  *Affirmed.*

*Stotsenburg & Weathers,* for appellant.

*C. L. & H. E. Jewett, John M. Paris* and *Charles D. Kelso,* for appellees.

COMSTOCK, J.—Appellant and the appellees Anna V. Durff, Margaret D. Conner and Ella C. Shrode were the plaintiffs below, and the other appellees were the defendants. The object of the action was to obtain partition of certain real estate in Floyd county, Indiana. In addition the appellant sought to quiet the title to her interest in said real estate, which she alleged to be an undivided one-fifth interest in fee therein as against the appellees Theodore S. Day, Jeannette Preston Day, Allie I. Garrison, Ezekiel D. Garrison, Elizabeth A. Garrison, Ruth E. Garrison, Mary J. Garrison and Ella C. Shrode, trustee for Elizabeth R. Garrison. Plaintiffs below also sought to have certain mortgage and judgment liens, which were particularly described in the complaint, held by the appellees Jeannette Preston Day, Henry E. Jewett and Anna Tompkins against the interest of appellee Theodore S. Day in said real estate, transferred to that part thereof that might be set off to him in severalty. Cross-complaints were filed by appellee Henry E. Jewett and Anna Tompkins upon the mortgages held by them on the interest of Theodore S. Day in said real estate. There was no question of priority raised as to these several liens.

There was a trial by the court and a special finding of facts, with the court's conclusions of law thereon. The finding and judgment was against the appellant but in favor of her coplaintiffs and appellees Theodore S. Day and Ella C. Shrode, trustee of Elizabeth R. Garrison. The court found and adjudged that appellees Anna V. Durff, Margaret D. Conner, Ella C. Shrode and Theodore S. Day each owned in fee simple an undivided one-fifth of the real estate involved, and that appellee Ella C. Shrode, trustee for Elizabeth R. Garrison, was entitled to take an undivided one-fifth in value of said real estate as

trustee for said Elizabeth R. Garrison for and during the natural life of said Elizabeth R. Garrison with the remainder in fee simple to the children of said Elizabeth R. Garrison, namely, Allie I. Garrison, Elizabeth A. Garrison, Ezekiel D. Garrison, Ruth E. Garrison and Mary J. Garrison, in the event that they, or either of them, survive said Elizabeth R. Garrison, and, in the event that none of said children survive their said mother, then in fee simple to the appellees Anna V. Durff, Margaret D. Conner, Ella C. Shrode and Theodore S. Day. It was further found and adjudged that the owners of said real estate were entitled to have partition thereof. The liens of the appellees Jeannette Preston Day, Henry E. Jewett and Anna Tompkins were also found and fixed by the court as set out in the amended complaint and cross-complaints. Thereafter commissioners partitioned said real estate. A final judgment was entered against the appellant that she take nothing by reason of her complaint, and that she have no interest in said real estate other than the right during her natural life to receive the rents and profits thereof through the hands of Ella C. Shrode, her trustee.

The question involved in this appeal arises under the will of Ezekiel R. Day, who was the father of appellant and appellees Theodore S. Day, Anna V. Durff, Margaret D. Conner and Ella C. Shrode. Ezekiel R. Day died at Floyd county, Indiana, on March 14, 1900. He left surviving him his widow, Elizabeth Day, who was a childless third wife. The children above named were the issue of the first and second wives of the testator. The widow, Elizabeth, died April 4, 1903. Said Ezekiel R. Day died the owner of numerous tracts of land in Floyd county, Indiana. By the first item of his will he directed the payment of all his just debts out of his personal estate. By the second item, subject to certain advancements, he willed one-third of his realty to his wife. By the third item he bequeathed to his wife certain of his personalty for life.

By the fourth he charged certain specified advancements to his son Theodore Day and his daughters Ella C. Day and Anna V. Durff.

The fifth item of his will is as follows: "Subject to the advancements hereinbefore mentioned, I hereby will and direct that all of my property and estate, not hereinbefore disposed of by this will, be divided and paid as follows: To my daughter Anna V. Durff, one-fifth thereof, deducting therefrom the advancement hereinbefore mentioned. To my son Theodore S. Day one-fifth thereof, deducting the advancement above mentioned. To my daughter Margaret Conner one-fifth. To my daughter Ella C. one-fifth, deducting therefrom the advancement above mentioned. To my daughter Elizabeth Garrison the net interest, dividends and profits upon the remaining one-fifth of my said property and estate, to be paid over to her by my daughter Ella C., who is hereby constituted her trustee for that purpose, and to hold during the life of said Elizabeth Garrison the undivided one-fifth of all my said property and estate; and I hereby give and devise said one-fifth to my said daughter Ella C., in trust, however, for the benefit of my said daughter Elizabeth, with full power and authority unto my said daughter Ella C. to sell, convey, manage and dispose of the same, and of each and every part thereof, as she thinks most advantageous, and to invest and reinvest the proceeds of any and all sales by her made, as often as may be necessary; it being my intention that such trustee, or her successor in trust, shall, after the payment of all taxes, legal assessments, repairs and the expenses of said trust, pay over to my said daughter Elizabeth, semiannually or oftener if convenient, all rents, interest, dividends and profits derived, received or arising from said property so devised in trust. At the death of my said daughter Elizabeth, I give, devise and bequeath all of said property so devised in trust to the child or children

of my said daughter Elizabeth, if she leaves any. If my said daughter Elizabeth shall die leaving no child surviving her, then I give, devise and bequeath all of said property so held in trust unto my children Anna V. Durff, Theodore S. Day, Margaret Conner and Ella C. Day to be equally divided among them, share and share alike."

The chief object in construing a will is to ascertain from the language used in the will itself the intention of the testator. A residuary clause of a will relates to the surplus of an estate after all debts and particular legacies are discharged. We think, from the language used in item five of the will, that the testator intended to dispose of all his property "not hereinbefore" disposed of.

The testator died March 14, 1900. His widow, in May, 1900, elected to take under the law. At the date named she acquired under the law a life estate in all the lands of her deceased husband. Acts 1899, p. 131, §2; Johnson v. Johnson (1899), 153 Ind. 60; Burget v. Merritt (1900), 155 Ind. 143.

What effect did the rejection of Elizabeth Day have upon the appellant's interest in the estate of her father? By the will the widow had one-third in fee. By the rejection of the will she had the whole of her husband's real estate for life. The testator attempted to dispose of one-third of his land by devising it to his widow. It will be presumed that this was done with knowledge of her right to reject the devise and take under the law. A will takes effect from the death of the testator. Harris v. Carpenter (1887), 109 Ind. 540. With this knowledge, besides the devise to the widow and certain advancements, the testator directed that all his property should be divided into five parts, and gave to each of his children, except appellant, one of such parts absolutely. To appellant he gave only the net in-

terest, dividends and profits to be paid to her by his daughter Ella C. Day, who was constituted her trustee for that purpose, etc.

If the widow had died before the testator, we think it clear that one-fifth of the testator's estate would have gone to appellant, subject to the limitations set out in item five of the will. There is nothing in the will to indicate any other purpose with reference to appellant's share of the estate than that it should be controlled by the limitations set out in said item five. The rejection of the widow could not defeat the expressed intention of the testator as to the other devisees.

6.

Where a will contains no residuary clause, a lapsed or void legacy or devise will go to the heirs or nearest kin to the testator, as in cases of intestacy. The same is true of a refused legacy or devise, as to which the testator has made no other disposition. 18 Am. and Eng. Ency. Law (2d ed.), 760, 761, and cases cited. It is a well-established rule that a general residuary clause contained in a will carries with it any legacies which for any reason have lapsed, or are void, or have been refused, for the testator is supposed to have given the property away from the residuary legatee only for the sake of the particular legatee. 18 Am. and Eng. Ency. Law (2d ed.), 760, 761; *Holbrook* v. *McCleary* (1881), 79 Ind. 167; *West* v. *West* (1883), 89 Ind. 529. The numerous cases in this State cited by counsel in support of appellant's claim are cases in which the wills contained no residuary clause.

7.

When the widow elected to take under the law, the special devise was annulled, and the subject of the devise passed to the residuary clause as if such special devise had not been made. But, applying the test recognized by the text-books and decisions as the strongest, we find from the whole will the purpose of the

8.

testator is made plain to give to his daughter, the appellant, only a life interest in his estate. This intention is made the more apparent by the fact that twenty-one months after the execution of the will he, by a codicil thereto, reaffirmed "my said will in all respects, except as the same is modified by the provisions of this codicil," the modifications in no way affecting the item now in question.

It is contended by the appellant that the effect of a wife's election to take under the law was to take from the operation of the will an undivided one-third of the testator's real estate, which descended under the law to the widow for life and to his children in fee. This proposition is based upon the ground that at the time of the execution of the will §2487 R. S. 1881, was in force, which gave to the wife a fee-simple estate in one-third of her husband's lands, and made his children of a former marriage her forced heirs. *Rushton* v. *Harvey* (1896), 144 Ind. 382. The interest in her title to land taken by descent is determined by the statute under which it is acquired. When the widow elected to take under the law, she took what the then existing law gave, which was a life estate only, the one-third in fee devised to her, passed, under the provisions of the will, to the children of the testator.

Judgment affirmed.