## ROCKER ET AL. *v.* METZGER, EXECUTOR, ET AL.

[No. 21,127.   Filed December 10, 1908.]

1. WILLS.—*Election by Widow.—Effect as to Other Devisees.— Descent.*—Where a husband having no descendants, and leaving neither father nor mother, dies leaving a will which devises to his widow a life estate in his real estate, and a transmissible interest in his personal property, devising to certain others the proceeds of the sale of such real estate when sold,. as directed, by the executor at the death of such widow, the widow, electing to renounce the will, is entitled to one-third of the real estate in fee simple and to $500 in personal property free from the testator's creditors, and to a life estate in the remaining two-thirds of the real estate subject to the payment of the testator's debts.   p. 367.

2. DESCENT AND DISTRIBUTION.—*Decedents' Estates.—Statutes.— "Intestate."—Widow.*—The word "intestate," as used in §3028 Burns 1908, §2490 R. S. 1881, providing that "if a husband or wife die intestate, leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor," refers to the property and not to the decedent.   p. 368.

3. WILLS.—*Election by Widow to Take Under Law.—Effect on Remainders.*—Where a testator devises a life estate in his lands to his widow, remainder over, and the widow elects to take under the law, the remaining two-thirds descends, during such life period, as though it were undevised, and such election does not accelerate the remaindermen's right of possession.   p. 368.

4. SAME.—*Construction.—Rules of Property.*—Where a rule of construction, in will cases, has been followed for forty years, it becomes a rule of property, and will not be disturbed by the courts, the presumption being that the testator in the case at bar had knowledge thereof and executed his will accordingly.   p. 369.

5. APPEAL.—*Weighing Evidence.*—Where each material allegation of the complaint is supported by some evidence, the trial court's decision will not be disturbed on appeal.   p. 370.

6. JUDGMENT.—*Decedents' Estates.—Widow's Interest.*—A decree for the sale of a decedent's land to pay debts should not include the widow's interest therein. p. 370.

From Probate Court of Marion County; *Merle N. A. Walker,* Judge.

Proceeding by Albert E. Metzger, as executor of the will of Frederick Beck, deceased, against Margaretha Rocker, and others. From a judgment for plaintiff, defendants Margaretha Rocker and others appeal. *Affirmed.*

*Weaver & Young,* for appellants.
*Means & Buenting* and *Lucius B. Swift,* for appellees.

MONKS, J.—This was a proceeding, brought by appellee Metzger, executor of the last will of Frederick Beck, deceased, against the widow of said testator and the devisees to obtain an order to sell testator's real estate to pay the debts of said estate.

It appears from the record that said Frederick Beck died testate in Marion county in the year 1906; that he left no father or mother, nor any descendants surviving him; that his only heir was Margaretha Beck, his widow. A sister and the children of a deceased sister survived him.

Said testator devised to his widow all of his real estate during her life, and bequeathed to her all of his personal property "to be her own absolutely forever." "At the death of his wife" he devised to a daughter of his widow, by a former husband, his "homestead property to be hers absolutely." He directed that "at the death of his wife" all of his real estate, except said homestead, be sold and conveyed by his executor, and that all money received by his executor from his real estate and from all sources, after paying necessary debts and expenses, be divided among five persons named in his will.

Maria Kabel, who was to receive one-fourth of said money under said last clause, died before the testator, leaving as her only heirs her three sisters. The widow of said testator

on December 28, 1906, within one year after said will was admitted to probate, properly filed her election in writing, renouncing her rights under said will and taking under the statute.

Appellants filed an answer to said petition, objecting to said sale, and alleging "that the widow had accepted the provisions of said will, and was thereby estopped from renouncing the same, and that the election alleged to have been filed in the clerk's office was void, and that under §2786 Burns 1908, §2269 R. S. 1881, she was not, as widow, entitled to the $500 from the estate." The court below found and adjudged that the widow had properly elected to take under the law and not under the provisions of said will, and that by reason of said election, as widow, she is entitled to the undivided one-third in fee simple of all of the real estate owned by said testator at the time of his death, and also to the sum of $500 allowed her as widow by §2786, *supra;* that, by reason of said election to take under the law, the estate of said testator remains and is undevised during the life of said widow, and the share of one-fourth devised to Maria Kabel, to be paid at the death of the widow, has lapsed on account of her death before the death of the testator, she not being a descendant of the testator, and the same remains and is undevised (*Maxwell* v. *Featherston* [1882], 83 Ind. 339); that said widow is the sole and only heir of said testator, and as such heir she is entitled to all of said life estate and all of the share devised to said Maria Kabel; that the personal property is insufficient to pay the liabilities of said estate, and that the undevised estate during the life of the widow, in all the lands owned by the testator at the time of his death or so much thereof as may be necessary, be sold to pay the debts of said estate.

Appellants filed a motion for a new trial, which was overruled. The only error assigned is that the court erred in overruling appellants' motion for a new trial.

The only causes assigned for a new trial and not waived

are: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law.

Counsel for the appellants contend that when the widow, as in this case, ''renounced a life estate and took under the statute one-third in fee simple in all the real estate

1. of which her husband died the owner, she thereby disappointed the devisees of the fee, and they will be given the life estate in the undivided two-thirds of said real estate from the time of such renunciation; that the widow's renunciation terminated her life estate and appellants took at once, the same as if the widow was dead.'' Citing 2 Jarman, Wills (5th Am. ed.), p. 7, note 5; 1 Jarman, Wills (6th Am. ed.), \*536, \*537; *Fox* v. *Rumery* (1878), 68 Me. 121; *Jennings* v. *Jennings* (1871), 21 Ohio St. 56, 80, 81, and authorities cited. Counsel further contend that, under this rule, the deceased died testate as to all his property except the lapsed devise to Maria Kabel, and the court therefore erred in not ordering said lapsed devise sold to pay debts, as required by §3125 Burns 1908, §2569 R. S. 1881, which provides that when a testator leaves undevised real estate, the same must be first sold to pay debts before devised real estate can be sold, instead of said life estate which was not left undevised by his will.

Counsel for appellants concede, however, that to sustain their contention that said life estate in said real estate was devised, and not undevised, as held by the court below, and the contention that by the election of the widow they were entitled to the possession and enjoyment of the estate devised to them the same as if the widow were dead, we must overrule *Rusing* v. *Rusing* (1865), 25 Ind. 63; *Dale* v. *Bartley* (1877), 58 Ind. 101; *Morris* v. *Morris* (1889), 119 Ind. 341. Said cases hold, that, where a testator, who dies leaving no descendants and no father or mother, devises his land to his widow during her life and at her death to other persons named, if the widow elects to take under the statute

and not under the will, she is entitled under §§3014, 3029 Burns 1908, §§2483, 2491 R. S. 1881, to one-third in fee simple of the land owned by her husband at the time of his death, and that as the other two-thirds of said real estate, during the life of the widow, was not disposed of by the will and was therefore undevised, she took as heir under §3028 Burns 1908, §2490 R. S. 1881, which provides: "If a husband or wife die intestate, leaving no child and no father or mother, the whole of his or her property, real and personal, shall go to the survivor." Said cases further hold that §3028, *supra,* should be construed as if it provided that "if a husband or wife die leaving an estate undevised and leaving no child and no father or mother, the whole of such undevised estate shall descend to the survivor;" that the word "intestate" refers to the property and not the decedent. This construction of said §3028 was approved and followed in *Lindsay* v. *Lindsay* (1874), 47 Ind. 283; *Waugh* v. *Riley* (1879), 68 Ind. 482; *Wilson* v. *Moore* (1882), 86 Ind. 244, 248, 249; *Hauk* v. *McComas* (1885), 98 Ind. 460, 464, 465; *Thomas* v. *Thomas* (1886), 108 Ind. 576; *Collins* v. *Collins* (1891), 126 Ind. 559.

In *Cool* v. *Cool* (1876), 54 Ind. 225, the court followed and approved *Rusing* v. *Rusing, supra,* and held that where a testator, who dies leaving no child and no father or mother, devises his real estate to his wife so long as she remains his widow, and directs that after the death of his wife his property shall be divided among the children of his brothers and sisters, and his widow takes under the law and not under the will, that, by such election not to take under the will, the estate during her life was not disposed of by the will, but was undevised, and went to her as heir under §3028, *supra.*

In *Hauk* v. *McComas, supra,* the testator devised to each of his three sons forty acres of land, and to his widow seventy-seven and sixty-two-hundredths acres of land during her life, and after her death the same was to be equally di-

vided among his three daughters. The widow elected to take under the law, and not under the will. The daughters claimed that the widow after her election to take under the law owned the undivided one-third and the daughters the remainder of said seventy-seven and sixty-two-hundredths acres, with the right of immediate possession and enjoyment. The court held that, in this claim, the daughters were mistaken; that when the widow elected to take under the law she became entitled to an undivided one-third of each forty-acre tract, and an undivided one-third of the seventy-seven and sixty-two-hundredths-acre tract; that the daughters did not become the owners of the residue of the last-named tract; that the widow's election did not accelerate the possession or enjoyment of the estate devised to them, nor enable them to take it before her death (*Rusing* v. *Rusing, supra;* and *Cool* v. *Cool, supra*) ; that the widow's election to take under the law was a rejection of the life estate under the will, and consequently no disposition was made of such estate by the will (*Dale* v. *Bartley, supra; Wilson* v. *Moore* [1882], 86 Ind. 244) ; that the undivided two-thirds of said seventy-seven and sixty-two-hundredths acres during the life of the widow, being undevised on account of her said election, descended, under the laws of descent, to the three sons and three daughters of the testator as his heirs, and said daughters took said undivided two-thirds in fee simple under the will, and were entitled to the possession and enjoyment thereof after the death of the widow. See, also, *Armstrong* v. *Berreman* (1859), 13 Ind. 422.

This has been the rule in cases like the one before us since the decision of *Rusing* v. *Rusing, supra,* a period of more than forty years. During said period said rule has been approved and reaffirmed by many decisions of this court, as before shown. Wills have been made and title to real estate acquired by purchase upon the faith of, and in reliance upon, the rule thus established, and the

same has therefore become a rule of property. For this reason, even if we were convinced that said decisions were incorrect, we should be unwilling to overrule them as appellants ask us to do. *Board, etc.,* v. *Allman* (1895), 142 Ind. 573, 592, 39 L. R. A. 58; *Hines* v. *Driver* (1883), 89 Ind. 339; *Grubbs* v. *State* (1865), 24 Ind. 295; *Harrow* v. *Myers* (1868), 29 Ind. 469; *Rockhill* v. *Nelson* (1865), 24 Ind. 422. We must presume that the testator in this case made his will with a knowledge of said rule and in the light of the meaning of the words used therein. *Taylor* v. *Stephens* (1905), 165 Ind. 200, 204.

After a careful examination of the evidence, we cannot say that the finding of the court, as to any of the issues, including the validity of the widow's election and her right to the $500 allowed to a widow by the statute, was not sustained by sufficient evidence, or that the same was contrary to law.

It is proper to suggest that the transcript shows that the court below ordered the sale "of the undevised estate during the life of the widow in all the lands owned by the testator at the time of his death." The order should have been for the sale of "the undevised estate during the life of the widow in the undivided two-thirds of all the lands owned by the testator at the time of his death," because she took the undivided one-third thereof in fee simple under §§3014, 3029, *supra*, free from all demands of creditors.

Finding no error of which appellants have any right to complain, the judgment is affirmed.