CASSIDY ET AL. *v.* PADGETT, EXECUTOR, ET AL.

[No. 14,860.   Filed April 27, 1934.   Rehearing denied October 1, 1934.]

240

*Sanford Trippett* and *John K. Chappel*, for appellants.

*Alvin Padgett* and *Arthur Rogers*, for appellees.

CURTIS, J.—This was a proceeding brought by the appellants against the appellees to construe the will of Henry R. Cassidy, deceased, and to determine that part of the estate of said Henry R. Cassidy which the widow, Jennie Cassidy, takes under the law, she having elected so to take.

The original complaint was in one paragraph, to which there was an answer in general denial. After the commencement of the suit two of the plaintiffs died and a supplemental complaint was filed by the plaintiffs, asking that the personal representatives of said deceased plaintiffs be substituted as party plaintiffs, and also asking that new party defendants be made defend-

ants to said action. Thereupon, by leave of court, the plaintiffs filed an amended and substituted complaint, wherein the appellants above named were plaintiffs and the appellees above named were defendants, said amended and substituted complaint being in one paragraph. All of the new party defendants were defaulted, and the remaining defendants filed their respective answers in general denial to said amended and substituted complaint. The trial was by the court. At the request of the appellants the court made a special finding of facts and stated its conclusions of law thereon.

Upon the special finding of facts the court stated its conclusions of law favorable to the appellees and rendered its judgment thereon accordingly. The appellants duly excepted to each conclusion of law. A motion for a new trial was also filed seasonably and overruled and an exception reserved and this appeal prayed and perfected. The causes of grounds of the said motion are that the decision of the court is not sustained by sufficient evidence and is contrary to law. The errors assigned and relied upon for reversal are: "1st. That the court erred in its conclusion of law number 2. 2nd. That the court erred in overruling the plaintiff's motion for a new trial."

Conclusion of law number one is unchallenged and is to the effect that the appellees were entitled to a construction of the said will and to a determination as to that part of the estate of said Henry R. Cassidy which the widow, Jennie Cassidy, takes. Conclusion of law number 2 is challenged and is to the effect that the said Jennie Cassidy was entitled to the sum of five hundred dollars as her widow's statutory allowance, and that by reason of said election she became the owner absolutely of one-third of the net of said personal estate after the payment of said statutory allowance and the payment of all debts and liabilities, except legacies;

that she became the owner in fee simple of one-third of the real estate, subject, however, that if said real estate exceeded in value ten thousand dollars she should have one-fourth only, and if the real estate exceeded in value twenty thousand dollars, one-fifth only, as against creditors; that she inherited for and during her natural life, so long as she remained single, the remaining two-thirds of said net estate, both real and personal, after payment therefrom of the bequest of five thousand dollars to the St. Peter's Catholic Church of Petersburg, and that she was also entitled to the use, income and enjoyment thereof for and during her natural life, so long as she remained single, being entitled to the same as the sole surviving heir of said Henry R. Cassidy, deceased, the same not being disposed of by the said last will and testament.

The appellants in their brief say that: "The one and only important question involved in this appeal is whether or not the widow, Jennie Cassidy, by having renounced the will of her husband, takes, by virtue of the laws of descent, the remaining two-thirds of her husband's estate, both real and personal, as the sole surviving heir of her husband, for and during her natural life, so long as she remains single, or whether by reason of the terms and provisions of said will and the laws of descent of Indiana, the other devisees and legatees named in said will take at once and are entitled at once to the possession and enjoyment of said remaining two-thirds part of said estate. In other words, whether the widow's election to reject the will does or does not accelerate the possession and enjoyment of the remainder of said estate to said other devisees, the appellants herein. It is admitted by both appellants and by appellees, and the proof shows, that the testator left no father or mother, or child or children or descendants thereof surviving him."

We believe the appellants have in the above statement, fairly stated the controlling question in the instant case and that its answer will be determinative of the matters presented in this appeal. We therefore proceed to a determination of said question.

It appears from the evidence and the special finding of facts that Henry R. Cassidy died testate, on December 5, 1929, a resident of Pike County, Indiana, and the owner of a large quantity of personal property and real estate; that he left no father or mother, or any descendants surviving him; that he left as his sole and only heir his widow, said Jennie Cassidy, one of the appellees herein, who was his first and only wife; that the will of said Henry R. Cassidy and a codicil thereto were duly probated on December 13, 1929, and that Alvin J. Padgett is the duly qualified executor thereof, and that on April 26, 1930, the said Jennie Cassidy, the widow of the testator, duly elected in writing to renounce her rights under said will and elected to take under the law. The will itself and codicil were introduced in evidence. The will provided in the first item for the payment of debts and funeral expenses; in the second for a monument at testator's grave and the third, fourth, fifth, and sixth, insofar as they are material to the issues herein, are as follows: "Third. I will and bequeath five thousand dollars to St. Peters Catholic Church of the Town of Petersburg, in the State of Indiana, which said amount is to be used for the building of a new church at said town. Fourth. I will and bequeath all of the rest and residue of my estate to my wife, Jennie Cassidy, for and during her natural life so long as she remains single. Fifth. I will and bequeath that if the said Jennie Cassidy dies, or does not remain a single woman until death, that then and in either of said events, that the rest and residue of my estate shall then be disposed of as follows, to wit, (and here follow

numerous money. bequests). Sixth. I will and bequeath that after each and all of the above and foregoing bequests have been paid in full that the rest and residue of my estate to (legatees named or described)." The seventh item provided for revocation of former wills and the eighth for the appointment of Alvin Padgett as executor. The codicil to the will provided for the payment of three money bequests "to be paid out of the residuary part of my estate."

Henry R. Cassidy having died testate, leaving no descendants, and neither father nor mother, but leaving as his sole and only heir at law his widow, Jennie Cassidy, who was his first wife, and who renounced the will and duly elected to take under the law, the said widow, Jennie Cassidy, was entitled to take of the property of said Henry R. Cassidy, as follows:

(1) Under Burns Revised Statutes 1926, §3112 (§6-711, Burns 1933, §3077, Baldwin's 1934), her widow's statutory allowance of $500.00.

(2) Under Burns Revised Statutes 1926, §3343 (§6-2319, Burns 1933, §3321, Baldwin's 1934), one-third of all the personal estate as set forth in said conclusion of law No. 2.

(3) Under Burns Revised Statutes 1926, §3337 (§6-2313, Burns 1933, §3312, Baldwin's 1934), one-third of all the real estate as set forth in said conclusion of law No. 2.

(4) And, in addition, under Burns Revised Statutes 1926, §3348 (§6-2324, Burns 1933, §3324, Baldwin's 1934), all other property not disposed of by the will after the said Jennie Cassidy elected to take under the law, the same in this case being an estate during her life in the undivided two-thirds of the remaining personal estate and real estate after the satisfaction therefrom of the legacy of $5,000.00 to St. Peters Catholic

Church of the Town of Petersburg, Indiana, bequeathed in the third item of the will of Henry R. Cassidy.

The time of payment of the legatee, St. Peters Catholic Church, of the $5000.00 bequest in the third item of the will of Henry R. Cassidy, and the use and enjoyment thereof, being not postponed by the terms of the will, and such bequest being a general bequest, Jennie Cassidy, the widow, has no estate during her life or other estate in such bequest, and such bequest is payable in the regular course of administration.

Neither the will of Henry R. Cassidy nor the codicil thereto purports to bequeath and devise to the appellants in this case any interest in the real and personal property of the estate of Henry R. Cassidy to be enjoyed by them until at the death of Jennie Cassidy, or so long as she remains single.

The said undivided two-thirds of the property, after payment of said $5000.00 bequest to St. Peters Catholic Church in the third item of said will, is bequeathed and devised to the other legatees and devisees named in the will, or described therein, who are appellants herein, for them to take the use and enjoyment thereof at a fixed time, that is, at the death of Jennie Cassidy, or at the time when she does not remain a single woman.

The fifth item of the will of Henry R. Cassidy fixes the time for such legatees and devisees (other than said church) to take, and all provisions of the will following are subject thereto.

The use and enjoyment of the property by the appellants having been deferred by the express terms of the will until the death of the widow or so long as she remains single, the appellants do not take the use and enjoyment of said property under the express terms of the will until that time; and the widow having elected to take under the law, this situation, therefore, leaves

an estate undisposed of by the will, which the widow Jennie Cassidy takes as heir, viz: An estate during her life in the undivided two-thirds of the said remaining personal estate and real estate after the satisfaction therefrom of the legacy of $5000.00 to St. Peters Catholic Church of the Town of Petersburg, Indiana, bequeathed in the third item of the will of Henry R. Cassidy.

The sixth item of the will of Henry R. Cassidy is subject to item five therof for the reason that it is and can only be effective after payment of all prior bequests.

The fifth item of said will of Henry R. Cassidy is not an ordinary general residuary clause, for the reason that it defers the use and enjoyment of all property which the appellants take until a fixed time, and provides by its express terms that the appellants take the use and enjoyment of the property at such fixed time.

Upon the question of the acceleration of remainders under circumstances similar to the instant case we find in Annotated Cases 1913E, page 421 the following statement with numerous cases cited from some twenty-three jurisdictions to support it: "It is well settled that where a widow, who has been given a life estate by the will of her husband, renounces and elects to take her dower or statutory allowance instead, her renunciation works an extinguishment of her life estate and accelerates the right of those entitled to take in remainder, or to legacies payable by the terms of the will on her death, in the absence of any superior equity to the property or funds released from her claims by her renunciation." But the same authority on the second page following, to wit, page 423, has this to say: "In Indiana the doctrine that the election of widow to take under the law accelerates the remainders given by the will after a life estate to her has been repudiated, it being held that the widow's rejection of the life estate leaves it undisposed of and that it therefore

passes under the intestate laws, *Dale* v. *Bartley,* 58 Ind. 101; *Wilson* v. *Moore,* 86 Ind. 244; *Hauk* v. *McComas,* 98 Ind. 460; see also *Rusing* v. *Rusing,* 25 Ind. 63; *Cool* v. *Cool,* 54 Ind. 225; or under the residuary clause of the will, *Garrison* v. *Day,* 36 Ind. App. 543, 76 N. E. 188." To the last mentioned authorities should be added the more recent cases of *Reeder et al.* v. *Antrim* (1917), 64 Ind. App. 83, 110 N. E. 568; and *Rocker et al.* v. *Metzger et al.* (1908), 171 Ind. 364, 86 N. E. 403. Ruling Case Law Vol. 23, pages 557-8-9, announces the same general rule as above quoted from Annotated Cases, *supra,* in slightly different language as follows: "The authority seems unanimous that, in the absence of a controlling equity or an express or implied provision in the will to the contrary, the renunciation of a life estate accelerates the remainder." But the same work in the next paragraph proceeds to a discussion of the basis and limitations of the doctrine and adds: "And if the will shows an intention that the remainder shall not take effect until the expiration of the life of the widow, the remainder will not be accelerated by her election to take against the will and consequent renunciation of the life estate." Supporting the last statement just quoted the author cites Annotated Cases, *supra,* which in turn cites the Indiana authorities.

The decisions in Indiana hold as indicated in the above texts and we are bound by them. In addition to their reasoning it may be said of the instant case that a reading of the will convinces us that it clearly fixes the time when the appellants shall have the use and enjoyment of the property in question, as at the time of the remarriage or death of the widow. We agree with the appellee in the statement that, "This is a case where there is a residuary clause, deferring the use and enjoyment of the property which the appellants take until a fixed time, and providing by its express terms that the appellants take the use and enjoyment of the property

at such fixed time." The Reeder and the Rocker cases above cited are entirely controlling in the instant case. They are almost identical on the controlling facts. We do not feel called upon to review them in detail.

In speaking of the rights of the remainderman in the Rocker case, *supra,* the Supreme Court said: ". . . the widow's election did not accelerate the possession or enjoyment of the estate devised to them, nor enable them to take it before her death. . . . This has been the rule in cases like the one before us since the decision of *Rusing* v. *Rusing, supra,* a period of more than forty years. During said period said rule has been approved and reaffirmed by many decisions of this court, as before shown. Wills have been made and title to real estate acquired by purchase upon the faith of, and in reliance upon, the rule thus established, and the same has therefore become a rule of property. For this reason, even if we were convinced that said decisions were incorrect, we should be unwilling to overrule them as appellants ask us to do. . . . We must presume that the testator made his will with a knowledge of said rule and in the light of the meaning of the words used therein. . . ."

We agree with the appellants that, "The first and cardinal principle of law applicable to the interpretation and construction of wills is that the intention of the testator must be ascertained and followed unless to do so would be to violate some positive rule of law." We believe the trial court has accomplished this purpose and has correctly expressed it in its decision.

It is our opinion that the decision of the court is sustained by sufficient evidence and is not contrary to law and that there is no reversible error in the second conclusion of law. No reversible error being shown the judgment is affirmed.

Kime, J., dissents.

DISSENTING OPINION.

KIME, J.—I am compelled to dissent from the majority view here for the following reasons:

The appellants' contention here is that since the widow renounced the will, and made her election to take under the law, that she would take only the $500.00 as allowed by section 3112, Burns 1926 Indiana Statutes, one-fourth of the real estate, free of all debts since it was in excess of $10,000.00 and under $20,000.00, as provided by section 3337, Burns, *supra,* and one-third of the personal property, less the proportionate share of the debts, as provided by section 3343, Burns, *supra,* and that the remaining two-thirds of the estate passed into the residuum and to the named residuary legatees and that their possession should be immediate.

The appellees contend that since the life estate given in the will to the widow was not specifically given to any other legatee that it was undisposed of by the will and hence should go to the widow. They rely on two cases and two cases only to sustain their contention, which are *Reeder* v. *Antrim* (1915), 64 Ind. App. 83, 110 N. E. 568 and *Rocker* v. *Metzger* (1908), 171 Ind. 364, 86 N. E. 403.

From the earliest Indiana cases it has been the law in Indiana that in the absence of a residuary clause then as to that portion of decedent's estate, which the widow does not receive under the law, by virtue of her election, the decedent died intestate.

The majority opinion herein says that the residuary clause is not "an ordinary general residuary clause" and it is upon such clause that I believe the entire opinion should rest. I believe that the appellees here and my conferees have failed to distinguish between the cases where there is a residuary clause in the will and those in which there is not one. All the cases cited in the majority opinion, with the exception of *Garrison* v.

*Day* (1905), 36 Ind. App. 543, 76 N. E. 188, are cases in which there were residuary clauses. As I see it there are two lines of cases in Indiana on the point—one line is the line cited in the majority opinion, being the cases of *Dale* v. *Bartley* (1877), 58 Ind. 101; *Wilson* v. *Moore* (1882), 86 Ind. 244; *Rusing* v. *Rusing* (1865), 25 Ind. 63; and *Cool* v. *Cool* (1876), 54 Ind. 225, and the other line starts with *Piercy* v. *Piercy* (1862), 19 Ind. 467, and includes *Holbrook* v. *Clearly* (1881), 79 Ind. 167; *West* v. *West* (1883), 89 Ind. 529, and *Garrison* v. *Day, supra.*

This latter line of authority from the Piercy case to the Garrison case seems to me to be ample authority for reversing this case and I can see no reason why the two lines are confused unless it be for the opinion in the Rocker case. Since there is no specific mention of the residuary clause in the Rocker case, and since the only authorities cited in that case is the line of cases starting with the Rusing case and continuing down to the Wilson case, all of which are cases in which there were residuary clauses, it is an irresistable presumption that the Rocker case contained no residuary clause. Any other presumption would only, in effect, say that the Supreme Court at that time intended to overrule that line of cases, starting with *Piercy* v. *Piercy, supra,* without specifically mentioning any of them, or that the court, at that time, was not familiar with that rule of the law. Of course either of these presumptions would be doing an injustice to the Supreme Court and I do not think either should be indulged in.

The appellee contends that the fifth item of the will is not an ordinary general residuary clause, but the sixth item is an ordinary general residuary clause and it reads as follows: "I will and bequeath that after each and all of the above and foregoing bequests have been paid in full that the rest and residue of my estate

to my brother . . ." The will must be construed as a whole and one particular item cannot be singled out to say that the will does not provide for the residuum. It is well settled that no specific words are necessary to dispose of the residuum of any estate, as was decided in *Barker* v. *Petersburg* (1907), 41 Ind. App. 447, 82 N. E. 996.

Even the majority opinion herein does not go so far as to say that this is not a residuary clause but the inference, in effect, says that there is a residuary clause. The logical and irresistable inference from these words "the fifth item . . . is not an *ordinary general residuary clause*" is that it is a residuary clause of some kind and if it is a residuary clause, of course, the opposite result should be reached here. Of course, it might be that these two lines of authority do not conflict, but as I see it they do, and I think that one line ought to be followed and the other specifically overruled. I think the more logical reasoning would be to overrule the line established by the Rusing case. This is very forcibly and logically contended for by the appellant here and knowing their counsel to be learned in the law I do not believe they would make the contention, in the manner here made, if there were not some basis for it, nor would I be writing a dissenting opinion.

In view of the confusion I think exists in the law, I do not think this cause should be passed by without an effort to effectively distinguish or one line established definitely as the law in this State. Otherwise the same contention will arise again and we will be forced to meet it squarely at that time and since it is before us now I see no reason for postponing it.