HINKLE v. WOOLPERT ET AL.

[No. 17,530. Filed November 26, 1946. Rehearing Denied January 10, 1947. Transfer Denied May 19, 1947.]

*Cole & Cole,* of Peru, for appellant.

*Hurd J. Hurst,* of Peru, for appellees.

FLANAGAN, J.—Daniel G. Fiser died on October 13, 1935, leaving surviving him no ancestors or descendents, but leaving surviving his widow Anna Fiser. Anna Fiser died on July 9, 1945.

The provisions numbered three and four of the will of Daniel G. Fiser give rise to this controversy: By provision numbered three he devised to his widow a life estate in a certain 160 acres. By provision numbered four he provided that, "Upon the death of my

said wife I further direct that my executor, acting as Trustee, herein named, shall sell said 160 acres and out of the proceeds derived from the sale thereof I give and bequeath"—(here follow four specific bequests), "the remainder of said fund and any residue of my estate not herein disposed of shall go to my legal heirs, according to the law of descent."

At the time of the death of Daniel G. Fiser his next of kin consisted of nieces and nephews, among whom was one William H. Woolpert. On July 9, 1937, appellant obtained a judgment against said William H. Woolpert and in the year 1940 said William H. Woolpert died leaving as his sole and only heirs appellees Vernice Hughes and Burl Woolpert.

The question presented is whether the remainder interest in the 160 acres vested at the time of the death of Daniel G. Fiser or at the time of the death of Anna Fiser, his widow.

It is clear that by the terms of the will of Daniel G. Fiser his widow received a life estate only in the involved 160 acres and is not to be considered a legal heir so far as the remainder interest therein is concerned, and that the remainder interest was given to his next of kin. *Rusing* v. *Rusing* (1865), 25 Ind. 63; *Brown* v. *Harmon* (1881), 73 Ind. 412; *Wood* v. *Beasley* (1886), 107 Ind. 37, 7 N. E. 331.

It is also clear that the fee simple title in the real estate in question, subject to the widow's life estate, did not vest in the executor who was given a naked power to sell. *Rumsey* v. *Durham* (1884), 5 Ind. 71; *Bowen* v. *Swander* (1889), 121 Ind. 164, 22 N. E. 725; *Indiana R. Co.* v. *Morgan* (1904), 162 Ind. 331, 70 N. E. 368.

The rule in Indiana is well settled that in the absence of clear and explicit language to the contrary, a will

should be so construed as to vest an estate in remainder at the time of the testator's death. *Moores* v. *Hare* (1896), 144 Ind. 573, 43 N. E. 870; *Aspy* v. *Lewis* (1899), 152 Ind. 493, 52 N. E. 756; *Alsman* v. *Walters* (1916), 184 Ind. 565, 106 N. E. 879, 111 N. E. 921; *French* v. *French* (1915), 58 Ind. App. 621, 108 N. E. 786; *Herron* v. *Stanton, Adm.* (1923), 79 Ind. App. 683, 147 N. E. 305.

We are unable to discover any such clear and explicit language in the will before us. It is true that the basic rule is that the intention of the testator shall prevail but we are unable to discover anything pointing to an intention on the part of the testator that the remainder should not vest upon his death.

Appellees call our attention to the case of *Hackleman* v. *Hackleman* (1928), 98 Ind. App. 204, 146 N. E. 590. But in that case the language postponing the vesting of the remainder was clear and specific. After giving a life estate to his wife the testator provided, "I give and bequeath unto all my children *that may be living at the time of the death of my wife,* Nancy, all my property that may be remaining, etc." (Our italics.)

Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 69 N. E. (2d) 598.